(No. 3488— )

Louis Insalato, a Minor, by the Trust Company of Chicago, Guardian, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 13, 1941.*

Frank P. Kronenberg, for claimant.

George F. Barrett, Attorney General; William L. Morgan, Assistant Attorney General, for respondent.

ECKERT, J.

On July 29, 1939, the claimant, Louis Insalato, a minor, was a member of Battery B, 124th Field Artillery, Illinois National Guard, on active duty, engaged in unloading horses from a train at 47th Street and Lake Park Avenue, Chicago. While leading the horses to the 124th Field Artillery Armory, located at 52nd Street and Cottage Grove Avenue, Chicago, he was suddenly kicked in the face by one of the horses directly in front of him. After being given first aid treatment, he was taken to St. Luke's Hospital where he remained until the 6th of August, 1939. He was attended at the hospital by Dr. Charles E. Shannon, who found severe lacerations and injuries to the nose, mouth, gums and teeth, and a fracture of the nasal bone and cartilage. After leaving the hospital, claimant remained at home under the care of Dr. Shannon for a period of six weeks.

The report of the Adjutant General indicates that thereafter claimant showed an unwillingness to avail himself of the medical and dental services provided for members of the

Illinois National Guard. Attempts by Dr. Shannon to have claimant report for a final examination were disregarded for approximately six weeks. Finally, on November 1, 1939, claimant reported to Dr. Shannon, complaining of continual pain in the mouth and upper jaw and difficulty in breathing. He also had several badly decayed teeth, the condition of which had been aggravated by the accident. The dental clinic to which he was sent, made an appointment for him to begin the necessary dental work. He failed, however, to report for treatment, and now waives any claim for injuries to his teeth or for dental surgery.

In April, 1940, at the suggestion of Dr. Shannon, claimant was examined by Dr. Paul W. Greeley, a plastic surgeon, who found a pronounced deformity of the nasal bone framework and bony septum of the nose interfering with his breathing. A plastic operation was suggested to correct this nasal deformity and to relieve the interference with claimant's breathing. The operation, however, has not been performed.

From August, 1939, to May 1, 1940, claimant attended thirty-nine of fifty regular drills of his Battery. He also took part in seven days of intensive Fall field training at Camp Grant, Illinois, from November 12th to November 18th, 1939.

This claim arises under the Military and Naval Cole of the State of Illinois, (Illinois State Bar Statutes, Chap. 129), which is a complete code for the military and naval affairs of the State. (*Hays* vs. *Illinois Transportation Company*, 363 Ill., 397.) Sections 10 and 11 of Article XVI of the code are the only provisions made by the Legislature for financial help or assistance in cases of personal injuries to, or death of members of the Illinois National Guard suffered while in the performance of their duties. (*Echols* vs. *State of Illinois*, 10 C. C. R. 112.)

Section 10 of the code provides that any officer or enlisted man who may be wounded or disabled in any way while on duty and lawfully performing the same, so as to prevent his working at his profession, trade or other occupation from which he gains his living, shall be entitled to be treated by an officer of the medical department detailed by the surgeon general and to draw one-half his active service pay for not to exceed thirty days of such disability, on the certificate of the attending medical officer. If still disabled at the end of thirty

days, he shall be entitled to draw pay at the same rate for such period as a board of three medical officers duly convened by order of the commander-in-chief may determine to be right and just, but not to exceed six months unless approved by the State Court of Claims.

It is the obvious intention of this section to provide medical attention and one-half pay for a wounded or disabled officer or enlisted man whose disability arises out of the lawful performance of his duty and is such as to prevent continuance of his usual means of livelihood. The medical services and the one-half pay not to exceed thirty days are furnished on the certificate of the attending medical officer. In the event the disability continues longer than thirty days, the one-half pay may be continued for such period as a board of three medical officers may determine, but not to exceed six months. These provisions of this section of the code, however, give no jurisdiction to the Court of Claims.

The only jurisdiction of this court under Section 10 is the approval, in a proper case, of the continuance of one-half pay after the expiration of six months from the beginning of the disability. Furthermore, where claim of member of Illinois National Guard is within Section 10 of Article XVI of the Military and Naval Code, claimant must show, before he invokes jurisdiction of the court, that the Military Medical Board, provided in said section has determined that he was entitled to one-half pay for a period in excess of six months. (*Echols* vs. *State of Illinois,* supra.)

Section 11 of Article XVI provides that in every case where an officer or an enlisted man shall be injured, wounded or killed while performing his duty in pursuance of orders from the commander-in-chief, he or his heirs or dependents shall have a claim against the State for financial help or assistance, and the State Court of Claims shall act on and adjust the same as the merits of each case may demand. Pending action of the Court of Claims, the commander-in-chief is authorized to relieve emergency needs upon recommendation of a board of three officers, one of whom shall be an officer of the medical department.

If both Sections 10 and 11 automatically become applicable to claims of this kind, then two separate tribunals might at the same time be called upon to adjust the same claim. This court has held that such was not the intent of the Legis-

lature. (*Echols* vs. *State of Illinois,* supra.) It appears, rather, that the Legislature intended that Section 11 should provide for additional financial help or assistance in cases where such is justified. In other words, Section 10 is first to be applied so that the injured claimant may have one-half of his active service pay and medical services. If his disability is serious enough, Section 10 provides for a continuance of one-half pay and medical services for a period not to exceed six months unless approved by this court. If the disability exceeds six months, claimant may invoke the jurisdiction of this court and show his need for financial help and assistance in addition to that provided for by Section 10. To say that Section 11 gives this court unlimited jurisdiction regardless of the provisions of Section 10 is contrary to the general rules of statutory construction. Section 11 supplements and provides for further possible help and assistance, but it does not supersede Section 10. Furthermore, the financial need of the claimant can only properly be determined by this court when it has knowledge of the proceedings had under Section 10 and the payments made in accordance therewith.

Section 11 is confined to a claim against the State for financial help or assistance; it does *not* provide for specific compensation for injury or death as does the Workmen's Compensation Act of this State. Although this court has frequently, in determining amounts to be awarded to claimants under the Military and Naval Code, referred to the Workman's Compensation Act, the two acts are essentially and fundamentally different. "The relation between the State and those who are in voluntary military service is essentially different from the relation which obtains between master and servant. Military service is based upon the duty which every citizen owes to the sovereign and differs from ordinary employment in this: that the enlisted man cannot terminate his service at will. (*United States* vs. *Grimley,* 137 U. S. 147; *Morrissey* vs. *Perry,* 137 id. 157.) By the terms of the Military Code, penalties for infraction of the regulations therein prescribed may even extend to imprisonment. It thus appears that although an enlistment is a contract, it is not the usual contract of employment contemplated by the Workmen's Compensation Act." (*Hays* vs. *Illinois Transportation Company,* supra.) The Workmen's Compensation Act, on the other hand, is based upon the broad economic theory that

accidental death or injury in industrial activity and production is an incident thereto and that compensation therefor is properly chargeable as a part of the cost of such activity and production.

The Military and Naval Code was enacted in 1909; the Workmen's Compensation Act in 1911. Since their enactment, several amendments have been made to each of the Acts, but throughout the history of the legislation on these two subjects, no change was made in the provisions of the Military Code for such compensation as is contemplated by the Workmen's Compensation Act.

Legislative provisions for a preliminary inquiry, such as is provided for in Section 10, are fully within the legislative province. *Bangs* vs. *State of Illinois,* 10 C. C. R. 127; *Blue* vs. *State of Illinois,* 10 C. C. R. 200. It is our opinion, from a consideration of Sections 10 and 11 of the Military and Naval Code, that a claimant, before invoking the jurisdiction of this court, must show:

(1) What payment has been made to him on certificate of attending medical officer of one-half active service pay.

(2) What payment has been made to him by order of board of medical officers of one-half active service pay.

(3) What medical services have been furnished to him.

(4) What need exists for financial help or assistance in addition to the one-half active service pay and medical services already furnished.

There being no proof in this case of a compliance with the provisions of Section 10 of the Military and Naval Code, this court is without jurisdiction. *Echols* vs. *State of Illinois,* supra.

Claim, therefore, is denied.