(No. 3723—

RICHARD E. COYLE, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed January 12, 1943.*

KIRKLAND, FLEMING, GREEN, MARTIN & ELLIS, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant Attorney General, for respondent.

ECKERT, J.

On August 11, 1940, claimant, Richard E. Coyle, a First Lieutenant of Infantry, attached to Company G, 132nd Infantry, Illinois National Guard, was ordered by proper military authority to proceed with his regiment to Sparta, Wisconsin, where he was engaged in military maneuvers until August 30, 1940. Claimant there contracted poliomyelitis, as a result of which he was unable to return to his employment, as salesman of advertising for the Chicago Tribune, until September 15, 1941.

On March 2, 1941, a board of three medical officers, duly convened by order of the Commander in Chief, determined that claimant's disability was in fact incurred while claimant was acting as an officer on duty with the Illinois National Guard, recommended that he be reimbursed for all hospital and medical bills, and that "full favorable consideration be given Lieut. Richard E. Coyle, in regard to his pay for the period of his disability." Claimant was thereafter reimbursed for his hospital and medical bills, and his active serv-

ice pay until the date of his discharge from the hospital on November 12, 1940.

On July 8, 1942, a board of three medical officers, duly convened by order of the Commander in Chief, after physical examination of claimant and survey of hospital and other records pertaining to the case, found that claimant had attained the maximum recovery possible, and had no permanent disability. The board recommended favorable consideration of pay for claimant from November 12, 1940, to September 15, 1941, "during which period his convalescence prevented his following his usual occupation."

Claimant alleges that while in the actual service of the State, under orders of the Commander in Chief, he received a monthly salary of $188.33, a rental allowance of $60.00 per month, and a subsistence allowance of $36.00 per month; that one-half of his active service pay is therefore $142.16 per month; and that he is entitled to receive one-half of his active service pay from November 12, 1940, to September 15, 1941, or an aggregate sum of $1,421.60.

This claim arises under the Military and Naval Code of the State of Illinois, (Illinois State Bar Statutes, Chapter 129), which is a complete code for the military and naval affairs of the State. (*Hays* vs. *Illinois Transportation Company,* 363 Ill. 397.) Section 3 of Article XVI of the code provides that when in actual service of the State, under orders of the Commander in Chief, officers of the National Guard, except officers on permanent duty and receiving a regular salary, shall receive the same pay as provided by law for officers of the United States Army of like grade, including longevity pay. From the uncontradicted report of the Adjutant General, which is a part of the record in this case, it appears that claimant has had more than three years service in the National Guard, and is therefore entitled to longevity pay; that the base pay of a first lieutenant is $166.66 per month, which amount, plus longevity pay for more than three years service, brings the amount of his pay and longevity to $175.00 per month.

Section 10 of Article XVI provides that any officer who is wounded or disabled in any way while on duty and lawfully performing the same, so as to prevent his working at his profession, trade, or other occupation from which he gains his living, shall be entitled to draw one-half his active service

pay, as specified in Section 3, for not to exceed thirty days of such disability, on the certificate of the attending medical officer; that if still disabled at the end of thirty days, he shall be entitled to draw pay at the same rate for such period as a board of three medical officers, duly convened by order of the Commander in Chief, may determine to be right and just, but not to exceed six months unless approved by the State Court of Claims.

A board of three medical officers, duly convened by order of the Commander in Chief, has found that the disability of the claimant was incurred while he was on duty and lawfully performing the same, and has recommended payment of one-half claimant's active service pay from November 12, 1940, to September 14, 1941. There is nothing in the record to indicate that the finding of the board was erroneous. Claimant has complied with the provisions of Section 10, (*Echols* vs. *State of Illinois*, 10 C. C. R. 112; *Louis Insalato* vs. *State of Illinois*, Court of Claims, Case No. 3488), and is therefore entitled to an award for one-half his active service pay in the amount of $87.50 per month for a period of ten months, or the total sum of $875.00.

Award is therefore entered in favor of the claimant in said sum of $875.00.