Larkin, J.
That plaintiff’s policy of liability insurance was an indemnity contract does not solve the question involved herein, since the insurer merely succeeded to the rights of the Town of Amherst, the insured. Because the town paid to the two firemen the benefits accorded to them by section 205 of the General Municipal Law, gave it no right on-the basis of indemnity to recover from the Bramleys, the claimde negligent tort-feasors, on the theory that their tort resulted in the town’s loss. There was lacking the fundamental rule of indemnity (Bestatement, *665 Restitution, § 76.) The liability of the Bramleys to the firemen was a tortious one, while that of the town was statutory and so quasi-contractual. The Bramleys’ tort did not subject them to liability under section 205 nor did the town, by its payment, satisfy the Bramleys’ tort liability to the firemen.
Nor is there merit in plaintiff’s claim that the town, as master, had an independent cause of action against the tort-feasors. Assuming that this hoary rule of the early English common law still exists in this State (see, dictum Tidd v. Skinner, 225 N. Y. 422, 433-434), it has no application herein because there was no relationship of master and servant between the town and the firemen. (Cf. Goldstein v. State of New York, 281 N. Y. 396, 403; Hays v. Illinois Transportation Co., 363 Ill. 397; Standard Oil v. United States, 153 F. 2d 958.)
Even if it be conceded that upon the principle of subrogation —■ there is no such statutory right here — the town’s potential liability under section 205 having become actual, so that it was compelled to discharge it by reason of the Bramleys’ tort, thereby it became equitably entitled to assert its claim against the tort-feasors to that extent (Ocean A. & G. Corp. v. Hooker Electrochem Co., 240 N. Y. 37, 52), still that gave the town, as a partial subrogee, no right to sue in its own name because it had not discharged all the tort-feasors’ obligation, but only part of it. (United States F. & G. Co. v. Graham & Norton Co., 254 N. Y. 50, 55.) The firemen still owned the causes of action. The rule against splitting them forbade harassing the Bramleys by successive suits. The town could only assert its claim in the actions brought by the firemen. This plaintiff succeeding to the town’s right, if the latter had any such right, never intervened in the firemen’s actions or sought to compel them to enforce, therein, its claim. On the contrary, it brought the present action for a declaratory judgment seeking a bald determination that it was entitled to reimbursement for the payments made by the town pursuant to section 205 out of any judgment or settlement made by each fireman of his cause of action against the third persons, tortfeasors. While it is true that it discontinued that action as against the tort-feasors and their insurance carrier to expedite settlements of the two actions brought by the firemen, the written stipulation made by plaintiff with the firemen in no way obligated the latter to enforce as against the tort-feasors any claim of this plaintiff. Ooncededly it was upon these stipulated facts that this action was determined by the Special Term. Each fireman could have recovered, in his action, not only for his *666 personal injuries, but also for his medical expenses in excess of $500 and lost wages in excess of $1,000, the amount of the payments made to him by the town. Therefore, the mere fact that each received a settlement from the tort-feasors does not establish that the money so paid included any part of the payments made by the Town of Amherst under section 205. As a matter of fact, if Drinkwater v. Dinsmore (80 N. Y. 390) is still the law, and it seems to have been as late as Clarke v. Eighth Ave. R. R. Co. (238 N. Y. 246, 253), Zimber v. Kress (225 App. Div. 16, 18), Drake v. New York State Electric é Gas Corp. (162 Mise. 167); cf. Zurich G. A. & L. Ins. Co. v. Childs Co. (253 N. Y. 324, 329), it might well be presumed that no such reimbursement was made, since both tort-feasors and their insurance carrier knew before the settlements were made of the payments which the firemen hack received from the Town of Amherst. Therefore, it seems to follow that even if the plaintiff was equitably subrogated to the claims of the firemen to the extent of the payments made by the town, still on the present record there is no basis for a declaration that any amount was due to this plaintiff out of the settlement made.
However, on a broader ground we conclude that the judgment made by thq Special Term was a proper one. When this statute, section 205 is considered, it does not seem that it was ever intended that the payments made thereunder should be treated as a loss suffered by the town where such payments were made because of a tort of a third person. Volunteer firemen .receive nothing from the town, or any other source, in the way of direct compensation. Not infrequently they buy and own the firehouse and the fire-fighting equipment. Yet, concededly, they perform valuable service which otherwise the town would be compelled to hire done. The history of section 205 of article 10 of the General Municipal Law, apparently originating in chapter 615 of the Laws of 1895,-warrants the conclusion that the benefits provided by section 205 were intended to be a recognition of the moral obligation owed by the community to these volunteers, and so, in a sense, part compensation for the work which they had done gratuitously. Even under the Workmen’s Compensation Law payments made by the employer to an injured employee are not treated as settlement of a tort liability but rather as an incident of the employment and so as part of the compensation to be paid for services réndered in. the course of that employment (Matter of Heaney v. Carlin Construction Co., 269 N. Y. 93, 97-98, affd. sub nom. Carlin Construction Co. v. Heaney, 299 U. S. 41). This view *667 has led courts in other jurisdictions having a workmen’s compensation statute, without any right of subrogation to the employee’s cause of action against a third person, tort-feasor, to deny to the employer any right of action as against such third person. Significant is the fact that, although in 1946 (L. 1946, ch. 919), section 207-a of the same article of the General Municipal Law, which obligates municipalities having a paid fire department to pay to an injured fireman salary, medical and hospital expenses, where the fireman is injured in the performance of his duties, was amended giving to the municipality a cause of action for reimbursement of such moneys paid, against a third person, against whom the fireman may have a cause of action for his injuries, there was no like amendment of section 205 of the same article which provides similar benefits to volunteer firemen. Therefore, it seems permissible to treat the payments made by the Town of Amherst to the two injured firemen as in the nature of a pension or compensation for which they had given full consideration and to apply to these payments the same rule that would be applicable to payments made on account of accident insurance which the firemen had bought. There is no equity in permitting the town, simply because it discharged a statutory obligation which it owed to these volunteer firemen, to take out of their settlements with the tort-feasors payments made under such circumstances. Neither would the denial of subrogation result in a double recovery of the same loss any more than if such payments had been received by the firemen on policies of accident insurance. (Cf. Hays v. Illinois Transportation Co., 363 Ill. 397, supra.)
For the foregoing reasons the judgment of the Special Term should be affirmed, with costs.