Commonwealth of Pennsylvania, Pennsylvania National Guard, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and David H. Greenwood, Respondents.

Argued September 14, 1981, before Judges MENCER, ROGERS and WILLIAMS, JR., sitting as a panel of three.

2

*Dennis T. Guise,* for petitioner.

*Francis Pipak,* with him *Louis B. Lounghren, Meyer, Darragh, Buckler, Bebenek & Eck,* for respondent, David H. Greenwood.

OPINION BY JUDGE MENCER, November 25, 1981:

On July 8, 1976, David H. Greenwood (claimant) filed a claim petition with the Workmen's Compensation Appeal Board (Board) for an injury he allegedly sustained while participating in annual training as a member of the Pennsylvania National Guard. The Board reversed the referee's denial of benefits, and this appeal followed. We vacate the order of the Board and dismiss the appeal.

The Pennsylvania National Guard argues that the Board exceeded its subject matter jurisdiction by awarding benefits to a member of the Pennsylvania National Guard. We agree. The legislature has clearly reposed this authority in the Department of Military Affairs. Section 702 of the Military Code, 51 Pa. C. S. §702,[1] provides in pertinent part as follows:

---

[1] Since Section 702 of the Military Code relates to the competency of the Department of Military Affairs to determine disability claims, we believe that a claim filed after its effective date (January 1, 1976) would be bound by its provisions. The date of claimant's injury would therefore not be relevant in determining whether the Department of Military Affairs is empowered by statute to hear a controversy of the character involved in the instant case.

The [Department of Military Affairs] shall have the power and its duty shall be:

. . . .

(11) To investigate the circumstances and to determine the amount of relief or pension payable as a result of the death or disability of a member of the Pennsylvania National Guard; to establish rules governing the filing of claims for pension or relief and to grant such pension or relief, under the laws of this Commonwealth concerning members of the Pennsylvania National Guard.

While Section 3501 of the Military Code, 51 Pa. C. S. §3501, provides that "the amount of compensation" shall be determined "in accordance with the Workmen's Compensation Law of Pennsylvania," the official comment states that the authority to implement this section is found in Section 702(11). Therefore, while The Pennsylvania Workmen's Compensation Act[2] is to be applied in determining the amount of compensation, the actual authority to award relief lies with the Department of Military Affairs.

In analyzing the jurisdiction of the Board to entertain the disability claims of National Guard members, we must take into consideration that an administrative agency may exercise only those powers which the legislature has conferred by clear and unmistakable language. An administrative agency cannot exercise a doubtful power, *Pennsylvania Human Relations Commission v. St. Joe Minerals Corp.*, 476 Pa. 302, 382 A.2d 731 (1978), or acquire jurisdiction by agreement. *Western Pennsylvania Water Co. v. Pennsylvania Public Utility Commission*, 471 Pa. 347, 370 A.2d 337 (1977). The Workmen's Compensation Act, of course, applies to injuries sustained by an "employee" in the

---

[2] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1031.

course of his employment and defines "employer" to include governmental agencies created by the Commonwealth. Several jurisdictions have ruled, however, that a member of the state national guard is not an "employee" within the meaning of the workmen's compensation law. *Lind v. Nebraska National Guard*, 144 Neb. 122, 12 N.W.2d 652 (1944); *Goldstein v. State*, 281 N.Y. 396, 24 N.E.2d 97 (1939); *Hays v. Illinois Terminal Transportation Co.*, 363 Ill. 397, 2 N.E.2d 309 (1936). The Court, in *Hays*, reasoned as follows:

> The relation between the state and those who are in voluntary military service is essentially different from the relation which obtains between master and servant. Military service is based upon the duty which every citizen owes to the sovereign and differs from ordinary employment in this: that the enlisted man cannot terminate his service at will.

363 Ill. at 401-402, 2 N.E.2d at 311. The *Hays* court further reasoned that the legislature did not intend to grant double compensation to a national guard member and, instead, provided for compensation exclusively under the state's military code. We find the above approach persuasive and likewise rule that member of the Pennsylvania National Guard is not an employee within the intendment of The Workmen's Compensation Act.

Claimant contends that the jurisdiction of the Board is not at issue in this appeal since this question was not raised in the proceedings below. The question of subject matter jurisdiction, however, can never be waived; it may be raised at any stage in the proceedings or sua sponte by the court. *Commonwealth v. Little*, 455 Pa. 163, 314 A.2d 270 (1974).

We also reject claimant's contention that the jurisdictional issue is moot because a determination of the Department of Military Affairs would simply be ap-

pealed to the Commonwealth Court on the same set of facts. This argument fails to recognize that, if the adjudicative body below lacks subject matter jurisdiction, the appellate court does not acquire it by an appeal. *See Stacy v. Mullins*, 185 Va. 837, 40 S.E.2d 265 (1946).

Accordingly, we enter the following

### ORDER

AND Now, this 25th day of November, 1981, the order of the Workmen's Compensation Appeal Board, dated November 26, 1980, granting workmen's compensation benefits to David H. Greenwood, is vacated.