In the Matter of the Application of ARTHUR BECKFORD, Petitioner, for an Order of Mandamus against THOMAS S. CHESHIRE, Clerk of the County of Nassau and Registrar, Respondent.

Supreme Court, Nassau County, July 12, 1926.

**Records — registration of title to real property — amendment of Real Property Law, § 404, by Laws of 1916, chap. 547, was not retroactive — registration of title prior to amendment may be withdrawn.**

A title to real property registered under the provisions of the Real Property Law in 1912 may be withdrawn as provided by section 404 of the Real Property Law as it then existed, although application for withdrawal was not made until after that section was amended by chapter 547 of the Laws of 1916, for said amendment which omits from said section the right to withdraw registration did not have the effect of impairing the right granted to the property holder under the original section to withdraw his property from registration.

The application herein is made by the original registree and it does not appear that any one has accepted the title because of registration, and, therefore, the application to withdraw is granted.

APPLICATION for order of mandamus directing clerk of Nassau county and registrar thereof to permit relator to withdraw title to his property from registration.

*Stoddard & Stoddard* [*Percy D. Stoddard* of counsel], for the petitioner.

*H. Stewart McKnight, County Attorney of Nassau County,* for the respondent.

LEWIS, J.  Relator seeks an order of mandamus directing the clerk of the county of Nassau and registrar to permit the relator to withdraw the title to his property from registration in accordance with the provisions of the Real Property Law.  The title in question was registered August 29, 1912.  At that time section 404 of the Real Property Law (added by Laws of 1910, chap. 627) was in force, and provided: " The bringing of property under this article shall imply an agreement, running with the land and binding upon the applicant  *  *  *  that the property shall be subject to the terms of this article," and also " all amendments and alterations thereof  *  *  *  such property may be withdrawn from said agreement and the terms of this article, and all amendments and alterations thereof as aforesaid " by compliance with the provisions of the act.  The exception in section 404 of the Real Property Law as it existed in 1912 exempted the right to withdraw from registration from the operation of the first part of the section and preserved such right to the then owner.  (*Waffle* v. *Goble*, 53 Barb. 517.)  Section 404 was amended by chapter 547 of the Laws of 1916.

Under such amendment the exception above referred to was omitted. Such amendatory act does not contain any provision which either directly or by necessary implication indicates an intent that the provisions shall have a retroactive effect. Neither statutes nor amendments have any retroative effect unless the intention is clearly indicated. (*Stone* v. *Bd. of Supervisors*, 166 N. Y. 85.) Such is also the rule in *Metcalfe* v. *Union Trust Co.* (181 N. Y. 39) The amendatory act provides: " This act shall take effect immediately." That excludes the idea that it should have any retroactive operation. (*Matter of Miller*, 110 N. Y. 216.) The question, however, is whether the right to withdraw the title was lost because it was not exercised or asserted before the amendatory act of 1916 took effect. The amendatory act by omitting the exception from the amending statute operates to repeal by implication the provisions omitted. (*Matter of Prime*, 136 N. Y. 347; *Bank of Metropolis* v. *Faber*, 150 id. 200; *Davidson* v. *Witthaus*, 106 App. Div. 182.) But by section 93 of the General Construction Law the repeal of a statute or part thereof does not " affect or impair " any right incurred prior to the time such repeal takes effect. (*Rischel* v. *Gerken*, 196 App. Div. 393; *People* v. *Mulford*, 140 id. 716; *Stone* v. *Bd. of Supervisors, supra.*) This section is general in character and applies to all future legislation. (*People ex rel. City of Buffalo* v. *N. Y. C. & H. R. R. R. Co.*, 156 N. Y. 570; Gen. Constr. Law, § 110.) The respondent maintains that on October 16, 1913, further notations were made upon the original certificate of title and in the registration book in his office which justify the refusal to withdraw the title in accordance with the provisions of the act. The title to the property was first registered on August 29, 1912, in the name of the Westbury Terrace, which, on October sixteenth, was canceled, as appears by notations on the certificate. The property was thereafter registered in the name of Charles F. Jenks, and was canceled on October 6, 1913. The property was again registered on October 6, 1913. The only notation upon the last registration is a release of the property from the lien of a blanket mortgage covering the property in question and other property on the map. Such release of mortgage cannot be regarded as a notation of transfer, lease or memorial within the contemplation of the statute. The application here is made by the original registree and it does not appear that any one has accepted the title because of registration. The application is granted.