Frank Russo, Claimant, *v.* The State of New York, Defendant.
(Claim No. 24846-A.)

Court of Claims, February 24, 1938.

*William Seidel*, for the claimant.

*John J. Bennett, Jr., Attorney-General* [*Paul Muscarella, Assistant Attorney-General*, and *Grove L. Higgins* of counsel] for the defendant.

RYAN, J. This claim is filed to recover damages for personal injuries sustained by the claimant when an automobile in which he was riding left the highway and overturned. The automobile was owned by the State of New York and driven by a member of the State police.

On March 19, 1937, a warrant for claimant's arrest was issued by a justice of the peace of the town of Cazenovia. The State trooper, named Merrill, arrested the claimamt and brought him before the justice of the peace where he pleaded not guilty. He was thereupon committed to the Madison county jail to appear for trial at a later date. It was on the way to the jail that the accident happened.

The testimony as to the cause of the accident is meager. The claimant testified that just before the accident the trooper was lighting a cigarette and was driving fifty miles an hour and that there was snow on the highway. The accident did not result from collision with another automobile and no proof was offered suggestive of any defect in the mechanism of the automobile in which claimant was riding. The claimant rested his case upon his own testimony.

The defense called the trooper and asked him only two questions, by the answers of which the trooper categorically denied that he was lighting a cigarette and that he was driving fifty miles an hour. Upon cross-examination the trooper admitted that the car overturned and said he recalled no cars approaching in either direction. The record was left there.

The defense relies upon two recent decisions in the Court of Appeals. They are *Galbraith* v. *Busch* (267 N. Y. 230 [1935]) and *Lahr* v. *Tirrill* (274 id. 112 [1937]).

It seems to us that it is only necessary to point out that in both of the cases relied upon the injured person was a guest in the automobile. This claimant was in the State's automobile under the compulsion of a lawful commitment by a peace officer to a county jail. He did not assume the risk of any defect in the automobile which was not known to the defendant or its agent as did Mrs. Galbraith or Mrs. Lahr.

It is undisputed that there was snow on the highway, that the automobile overturned and that the overturning resulted in the personal injuries to claimant. The denial of the trooper that he was lighting a cigarette and that he was driving fifty miles an hour is insufficient to overcome the inference of negligence if such inference is justified.

" The problem in each case is whether the circumstances unexplained do justify an inference of negligence." (Judge LEHMAN in *Galbraith* v. *Busch, supra.*)

We think that upon the record in this case the inference is justified. Hence there was a burden placed upon the defense which it has not met. It must be determined, therefore, that the accident was due to the negligence of the State trooper in the operation of his automobile. Accordingly an award must be made to the claimant.

ACKERSON, J., concurs.