MORRIS GOLDSTEIN and BECKY GOLDSTEIN, as Administrators, etc., of JACK GOLDSTEIN, Deceased, Appellants, v. THE STATE OF NEW YORK, Respondent.*

(Claim No. 24726.)

Third Department, January 18, 1939.

*Samuel S. Leibowitz* [*Julius Applebaum* of counsel], for the appellants.

*John J. Bennett, Jr., Attorney-General* [*Joseph L. Delaney, Assistant Attorney-General*, of counsel], for the respondent.

RHODES, J. The appeal presents the question as to the jurisdiction of the Court of Claims to hear and determine the claim, it being for damages for negligence resulting in death of claimant's decedent, the court having dismissed the claim on motion of the State raising objection as to jurisdiction.

On August 9, 1936, Jack Goldstein, now deceased, son of claimants herein, was a member of the 105th Field Artillery, National Guard, State of New York. He was ordered to proceed with others to Pine Camp at Watertown, N. Y., by a designated motor vehicle from Bronx county, New York city; at Catskill, N. Y., the truck in which he was a passenger struck the iron superstructure of a narrow bridge, which spans the West Shore Railroad tracks, precipitating the truck down an embankment as a result of which he received injuries which caused his death.

Counsel for the State asserts that the exclusive remedy of claimants is under the Workmen's Compensation Law. He argues that deceased was an employee of the State (Military Law, § 210), and that section 3, subdivision 1, group 16, of the Workmen's Compensation Law provides for the coverage of every such employee. Such section declares that " Compensation shall be payable for injuries or death incurred by employees in the following employments: * * * Group 16. Any employment by the State, notwithstanding the definitions of the terms ' employment,' ' employer ' or ' employee ' in subdivisions three, four and five of section two of this chapter."

Under this contention the first question to be determined is whether deceased was an employee of the State within the purview of the Workmen's Compensation Law.

By article 11 of the Constitution of the State of New York, all able-bodied male citizens between the ages of eighteen and forty-five, residents of the State, constitute the militia. While under the Military Law service is by voluntary enlistment for which the militiaman receives stated pay provided by statute, members of the militia are clearly in a class different from the ordinary State employee. Doubtless the Legislature, if it saw fit, could provide for requiring military service by conscription or draft; such a contingency emphasizes the distinction between an employee and a

member of the militia. The services of a member of the militia are rendered pursuant to an underlying duty which he constitutionally owes to support his government, either voluntarily or by compulsion if the Legislature so requires. The term " employment " on the contrary, in its essence, contemplates a contractual relation freely and voluntarily entered into by the employer and employee. (See definition of employment, employer and employee, Workmen's Comp. Law, § 2, subds. 3, 4, 5.). Group 16 of subdivision 1 of section 3 covers any employment by the State notwithstanding the definition of the terms employment, employer or employee above referred to, but service in the active militia should not be construed as employment under the Workmen's Compensation Law.

It has never been supposed that members of the militia or their dependents have been deprived of pension rights under the Military Law, by virtue of the Workmen's Compensation Law. If such compensation law furnishes the sole and exclusive remedy then no pension rights under the Military Law are payable to such militiaman or to his dependents in case of his death except in reduction of any compensation benefits under the Workmen's Compensation Law as required by section 30 thereof.

In this case deceased died unmarried, leaving him surviving a father, mother and four brothers and sisters. The claim herein is brought in their behalf and is based upon the rights created and granted by sections 130 *et seq.* of the Decedent Estate Law.

Sections 12 and 12-a of the Court of Claims Act confer jurisdiction upon the Court of Claims to hear and determine claims arising under such section 130 of the Decedent Estate Law, and do not in terms exclude those in behalf of militiamen or their specified surviving relatives. Under those sections there is no express exclusion of claims in behalf of such militiamen or their next of kin and in the absence of statutory limitation, no reason appears why the court has not jurisdiction of the claim herein. (See *Jackson* v. *State of New York*, 261 N. Y. 134.)

The judgment and order should be reversed on the law and a new trial granted, with costs to the appellants to abide the event.

HILL, P. J., McNAMEE, BLISS and HEFFERNAN, JJ., concur.

Judgment and order reversed on the law, with costs to the appellants, and matter remitted to the court below.