WILLIAM JONES, Claimant, *v.* STATE OF NEW YORK, Defendant. (Claim No. 27238.)

Court of Claims, October 28, 1944.

*Carlton J. King, James F. Carroll* and *J. Raymond Amyot* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Harold S. Coyne* of counsel), for defendant.

RYAN, J. We quote certain statutes:

1. Conservation Law, section 51, subdivision 14.

" District forest rangers, forest rangers, observers, fire wardens and game protectors or any other officer charged with the duty of fire fighting may, when necessary, employ men who shall be paid at the rate of not more than thirty-five cents per hour and teams to fight forest fires, and also engage other men to be known as foremen for particular fires to direct the work of men engaged in fighting such fires. Such foremen shall be paid at the rate of not more than fifty cents per hour for time actually employed. These employees may incur other necessary expenses in connection with extinguishing forest fires. Notwithstanding the provisions of any other statute contrary thereto or in conflict therewith, they shall have the power to summon any male person of the age of sixteen and upwards to assist in fighting such fires, and any person so summoned shall forthwith proceed to help extinguish the fire as directed by the person summoning him."

2. Conservation Law, section 65.

" *Penalties.* In order to secure the enforcement of the several sections of this article the following fines and penalties are provided.

" 1. Any person who violates any provisions of this article or who fails to perform any duty imposed by any provision thereof shall be guilty of a misdemeanor, and in addition thereto shall be liable to a penalty of not less than ten nor more than one hundred dollars."

3. Penal Law, section 1900.

" A person who: * * * 4. Having been lawfully ordered to repair to a place of a fire in the woods, and to assist in extinguishing it, omits without lawful excuse to comply with the order, Is guilty of a misdemeanor."

4. Workmen's Compensation Law, section 3, subdivision 1.

" *Hazardous employments.* Compensation shall be payable for injuries or death incurred by employees in the following employments: * * *

" Group 16. Any employment by the state, notwithstanding the definitions of the terms ' employment,' ' employer ' or ' employee,' in subdivisions three. four and five of section two of this chapter."

The claimant herein, having been called by a State fire warden to assist in fighting a forest fire, and having sustained personal injuries when the fire warden's automobile, in which claimant was riding, collided with another automobile, asks us to hold as

a matter of law: (1) that he was not an employee of the State of New York so as to come within the restrictions of the Workmen's Compensation Law; and (2) that we have jurisdiction to award him damages for his personal injuries by reason of the negligence of the fire warden, a State employee.

The facts are not disputed. George Freeman is a fire warden regularly appointed and employed by the State Conservation Commission in the town of Halfmoon, Saratoga County. Claimant resides in the same town. Over a period of years Freeman has called upon Jones to assist him on the occasion of alarms of forest fires. For his services Jones has been paid pursuant to statute and upon a payroll made up by Freeman and signed by Jones.

On April 27, 1942, at about 9:30 P.M. and during a practice blackout conducted by the New York State Office of Civilian Defense in the area which included the town of Halfmoon, Freeman observed a reflection in the sky, believed there was a forest fire and called Jones out of a tavern to assist him. Jones responded and stepped into Freeman's automobile on which the lights were at that time extinguished. Freeman proceeded to drive his car, without lights, at a speed of eighteen to twenty miles an hour in a northerly direction and when he had proceeded half a mile collided head-on with a southbound car likewise unlighted. Jones was seriously injured. He has, for a valuable consideration, released the owner and driver of the southbound car, reserving his right to sue Freeman and the State of New York.

Jones asserts that Freeman was negligent. He undoubtedly was and, unless the Workmen's Compensation Law forbids, *respondeat superior* applies. (Court of Claims Act, § 8, and § 10, subd. 3; L. 1939, ch. 860.) Moreover, Jones asserts that although he admittedly stepped into and proceeded to travel in Freeman's unlighted car, he is free from contributory negligence because he entered the car not as a guest but under compulsion of law. On this point the case of *Russo* v. *State of New York* (166 Misc. 316 [1938]) is cited. Russo was under arrest whereas Jones was summoned to a police duty. It would seem that Jones may be said to be free from contributory negligence but we find it unnecessary to decide that issue.

It is upon the theory of compulsion that claimant relies to take himself out of the operation of the Workmen's Compensation Law. He supports this argument with the learned discourse of Judge HUBBS in *Goldstein* v. *State of New York* (281 N. Y. 396 [1939]) wherein the Court of Appeals was " per-

suaded that the Workmen's Compensation Law does not cover militiamen while engaged in active service. They are not employees of the State within the meaning of the law." By analogy, claimant argues, a citizen summoned to assist in a police duty, under the penalty prescribed in the statutes which we have hereinabove quoted, is not an employee. While asserting that Freeman was an employee, which he undoubtedly was, Jones disclaims that relation for himself. In the *Goldstein* case, after disposing of the issue of the Workmen's Compensation Act, the court proceeded to point out that neither the deceased nor his fellow private who drove the National Guard truck were employees but that they were, under the Military Law, in a " class separate and apart from the civil officers of the State." Accordingly, an enabling act was required to permit recovery by Goldstein's legal representatives. (175 Misc. 114.)

In this case let us assume that Freeman, accompanied by Jones, had proceeded safely to the scene of the forest fire and that there, in the course of combat, Jones had been severely burned. Can it be supposed that he would have been denied the benefits of the Workmen's Compensation Law or would have refused to avail himself of its protection and remedy? It is our opinion that Jones was an employee. His course of conduct throughout the years indicates that he so regarded himself and discloses his consent to occupy that relationship. (*Skeels* v. *Paul Smith's Hotel Co.*, 195 App. Div. 39.) With this consent and by operation of law there existed the fact of a contract of employment which is essential to make the Workmen's Compensation Law effective. (*Kackel* v. *Serviss*, 180 App. Div. 54.)

After his accident Jones was presented with a payroll which he signed and submitted for payment and the State Comptroller thereupon issued his warrant for thirty-five cents payable to claimant's order as compensation for one hour's occupation. Jones has not yet availed himself of the proceeds of this warrant. If he had, or whether he later does or does not collect the same, these incidents are probably insufficient, in and of themselves, to support a determination that Jones was an employee. Yet they tend to confirm his previous acquiescence in that relationship.

It is our belief that the Conservation Law created, by operation of law, a contract of employment which Jones accepted. This was not voided by the statutory provision which imposed a penalty for disobedience to a summons to assist in fighting a forest fire. It seems to us that in the use of the words " Any

employment " it was the purpose and intent of the Legislature to include men in claimant's position in the coverage of the Workmen's Compensation Law and we so hold. That his award by the compensation board may be limited by statutes and regulations which do not restrict the triers of fact in this tribunal does not warrant us in attempting to invade the jurisdiction of that one. The claim must be dismissed as we have no authority to award claimant damages. (Court of Claims Act, § 8; L. 1939, ch. 860.)