GEORGE DEMBROD, Claimant, v. STATE OF NEW YORK, Defendant.
(Claim No. 27941.)

Court of Claims, November 19, 1945.

*Nathaniel L. Goldstein, Attorney-General. (Gerald J. Carey* of counsel), for defendant.

*Benjamin H. Siff* for claimant.

GREENBERG, J.  The Attorney-General has moved to dismiss the claim herein on the ground that it fails to set forth facts sufficient to constitute a cause of action and on the further ground that this court has no jurisdiction of the claim.

The claim avers that on May 4, 1945, while claimant was watching a weapons demonstration at the Chippewa Demo-

cratic Club, Bronx, New York, he was shot by a live shell which had been negligently inserted and fired from a Thompson submachine gun by a member of the State Guard. The demonstration had been conducted by the Eighth Regiment, New York Guard, as part of a recruiting drive for enlistment in the State militia.

Upon the call of the National Guard into active service of the United States (Executive Order No. 8530; Code of Fed. Reg., Cum. Supp., tit. 3, p. 706), the New York Guard was organized for active duty pursuant to the provisions of article II-A of the Military Law, and became subject to the same provisions of the Military Law and the rules and regulations promulgated pursuant thereto.

The exact nature and status of the State Guard are further elaborated upon by the United States Army Regulations, as appears from the following pertinent excerpts (Army Regulations, War Department, No. 850-250). "The State guard is an element of the executive department of the State government. It is employed by the Governor, or by such official as the Governor may designate, upon such missions and duties within the State as may be deemed appropriate, subject to the limitations imposed by law." (Code of Fed. Reg., 1943 Supp., tit. 32, § 211.4, subd. [a], cl. [1].)

"Employment by the State or its State guard, or any part thereof, is limited, in general, only by pertinent provisions of the Federal Constitution * * *, by the territorial boundaries of the State, and by the supremacy of the Federal Government in its proper fields of action. The authority of the State to maintain its State guard ceases upon the relief from active Federal service of all elements of its National Guard, or within 6 months after the termination of the present war, or at such earlier time as the Congress by concurrent resolution, or the President by proclamation, may designate." (Code of Fed. Reg., 1943 Supp., tit. 32, § 211.4, subd. [a], cl. [2].)

"The State military force (State guard) contemplated by these regulations, organized under the provisions of the foregoing statutory authority [U. S. Code., tit. 32, § 194] and of the constitution and laws of the State concerned, is solely a State military organization. It is not subject to call, order, or draft, as such force, into the military service of the United States; nor is it subject to Federal regulation or control other than as provided expressly, or by reasonable implication, by the statute [U. S. Code, tit. 32, § 194] * * *." (Code of Fed. Reg., 1943 Supp., tit. 32, § 211.2, subd. [a].)

" The qualified consent of the Congress having been given to the maintenance by the States of ' Troops * * * in time of Peace ' (Art. 1, sec. 10, cl. 3, Federal Constitution), the member of the lawfully organized State guard is a soldier in the military service of his State. His status is not lost upon the onset of war; it is recognized as that of a lawful belligerent under the rules of war * * *. With respect to public domestic law, his status, rights, and liabilities * * * are fixed by the laws of his State." (Code of Fed. Reg., 1943 Supp., tit. 32, § 211.2, subd. [c].)

The duties, privileges and immunities applicable to the National Guard, when in State service, apply to the members of the State Guard (Military Law, § 43). Section 15 of the Military Law provides that: " Members of the militia ordered into the active service of the State by any proper authority, shall not be liable civilly or criminally, for any act or acts done by them in the performance of their duty."

" It is a general principle that the Government is not legally liable for unauthorized wrongs or injurious acts done by its officers (or soldiers) to or against civilians, though occurring while engaged in the discharge of their official duties." (2 Winthrop's Military Law and Precedents [2d ed.] pp. 1382–1383, citing *Gibbons* v. *United States,* 8 Wall. [U. S.] 269; *Carpenter* v. *United States,* 45 F. 341; 19 U. S. Atty. Gen. 24.)

Claimant, however, contends that by the enactment of section 8 of the Court of Claims Act (L. 1939, ch. 860), the State " assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals and corporations " and has waived immunity from liability in all cases for the acts of the State militia and rendered itself liable if an individual or a corporation would be liable. " The argument overlooks the fact that under all military law the army constitutes a class separate and apart from the civil officers of the State " (*Goldstein* v. *State of New York,* 281 N. Y. 396, 406, wherein the Court of Appeals under the predecessor section [Court of Claims Act, § 12-a, L. 1920, ch. 922] held that the State was not liable for the negligent acts of a national guardsman).

Section 12-a provided: " *Waiver of immunity from liability for torts of state officers and employees.* The state hereby waives its immunity from liability for the torts of its officers and employees and consents to have its liability for such torts determined in acordance with the same rules of law as apply to an action in the supreme court against an individual or a cor-

poration, and the state hereby assumes liability for such acts, and jurisdiction is hereby conferred upon the court of claims to hear and determine all claims against the state to recover damages for injuries to property or for personal injury caused by the misfeasance or negligence of the officers or employees of the state while acting as such officer or employee. Such claim must be submitted pursuant to the procedural provisions of the court of claims act. Nothing herein contained shall be construed so as to affect, alter or repeal any provision of the workmen's compensation law.''

Section 8 now provides: '' *Waiver of immunity from liability.* The state hereby waives its imunity from liability and action and hereby assumes liability and consents to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations, provided the claimant complies with the limitations of this article. Nothing herein contained shall be construed to affect, alter or repeal any provision of the workmen's compensation law.'' (L. 1939, ch. 860.)

The effect of this waiver and consent of the State, operative since 1929 (L. 1929, ch. 467), has been to remove a bar to liability which the State enjoyed by reason of its sovereign dispensation and not to create liability. To justify the conclusion that section 8 rendered the State liable for the acts of the militia would require a statute to such effect, the meaning and intent of which is unmistakable. '' Statutes in derogation of the sovereignty of state must be strictly construed and a waiver of immunity from liability must be clearly expressed.'' (*Smith* v. *State of New York,* 227 N. Y. 405, 410; *Goldstein* v. *State of New York,* 281 N. Y. 396, *supra.*) This court cannot construe said section as having such effect.

Claimant's relief, however, may come through legislative enactment conferring jurisdiction upon the Court of Claims to make an award. Acordingly, this court is constrained to grant the motion to dismiss the claim. Submit order.