In this action against the state of Connecticut and the Connecticut State Guard the plaintiffs, father and minor son, are seeking to recover damages for injuries alleged to have been sustained by the son and for medical expenses incurred by the father as the result of the negligent operation of trucks owned by the defendants. The defendants demur to the complaint on the ground that "the State is sovereign and immune from suit."
The material facts alleged in the complaint which stand admitted for the purpose of determining the issue presented by the demurrer are these: On July 24, 1946, the plaintiff William Moore was a passenger in a truck which with other trucks was in a convoy in the town of Niantic. These trucks were owned by the defendants and at the time were being operated by their "servants, agents and/or employees . . . within the scope of their employment and agency." Due to the negligent operation of these trucks they collided with one another, resulting in William's injuries and the incurring of medical bills by his father.
In resisting the demurrer the plaintiffs concede that at common law no right of action exists against the defendants, but argue that the cause of action alleged comes within the purview of § 5988 of the General Statutes. This statute is captioned "Actions for injuries caused by motor vehicles owned by the state" and reads: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." *Page 252 
The question for determination is whether the allegations of the complaint are sufficient to bring the action within the ambit of the statute. It would appear that the complaint alleges all of the statutory requirements except that relating to insurance, and the insurance phase is answered by the presence of insurance counsel arguing the demurrer and the absence of a member of the attorney general's office in support thereof. But that apart, the absence of an allegation of insurance is not claimed by the defendants to be fatal, and, in the event of a subsequent jury trial, would be better removed from the pleadings.
The difficulty encountered by the defendants is that they are asking the court to read into the complaint allegations of fact not recited; to illustrate, that William at the time was an enlisted member of the organized militia, that the trucks involved in the collision were part of a military convoy and that William's injuries occurred in the line of duty as an enlisted member of such militia.
The court cannot, in considering the limits of a demurrer, "bring additional facts into the record." State ex rel. Moriarty
v. Smith, 72 Conn. 572, 574. For the defendants to have been placed in a position where they could invoke in argument, as they have, § 118f of the 1941 Supplement relating to compensation to members of the militia injured in the line of duty, and the pronouncement of the Court of Appeals of New York inGoldstein v. New York, 281 N.Y. 396, 129 A. L. R. 905, the complaint would have to disclose allegations beyond those presently recited. There are times when a motion for more specific statement should first be considered by a pleader before resort is made to a demurrer.
 For reasons stated the demurrer is overruled.