Bergan, J.
The claimants are residents of Canada. On September 7,1946, claimant Tamborino was driving his automobile in Westchester County. Claimant Newiadony was a passenger. Near the intersection of Bear Mountain Parkway and Crompond Road the car collided with a truck owned by the New York Guard and driven by a sergeant of the guard. The claims each allege the sergeant was negligent and that claimants suffered injuries. The claims have been dismissed on the ground the State had incurred no liability.
Guidance to a solution of the question of liability of the State may be found in Goldstein v. State of New York (281 N. Y. 396), but the language of the statute as it applied to that case was altered by the Legislature in a revision of the Court of Claims Act in 1939 (ch. 860). The revision of the act has admitted a liability, appellants argue, where none would have existed under the former language.
At the time the Goldstein case (supra) arose, section 12-a of the Court of Claims Act (L. 1936, ch. 775) provided in part that the State “ waives its immunity from liability for the torts of its officers and employees and consents to have its'liability for such torts determined in accordance with the same rules of law as apply to an action in the supreme court against an individual or corporation ”.
The statute applicable to the claims that are here (Court of Claims Act, § 8) provides that the State waives its immunity “ from liability and action ” and consents to have “ the same determined ” in accordance with the same rules of law governing in actions in the Supreme Court “ against individuals or corporations ”. The new language is more general. It does not in terms waive immunity as to “ torts of its officers and employees It waives immunity as to “ liability and action ”; but only where an individual or corporation would be required to answer to an action for the same thing.
*61 The analogy between a government and an individual or corporation has some inherent limitations which the Legislature could not have overlooked in its revision of the Court of Claims Act. There are some kinds of activities in which no private citizen engages which are functions characteristic of a sovereign. No private citizen undertakes to suppress an insurrection or defend the State against invasion, break up riots, and restore public order. (See Military Law, § 9.) No corporation provides and equips a militia and puts it in the field.
These are State functions and sovereign duties; and when their nature is examined the analogy to private persons disappears. Substantially all the able-bodied men of the State constitute its militia (N. Y. Const., art. XII, § 1). There are large areas of sovereign activity for which no liability accrues against the State or the officers of the State in the performance of official functions.
It is commonly regarded that no liability arises from the public acts of the executive and judicial officers of the State exercised within the frame of their constitutional and legal powers. And when a general waiver of immunity and assumption of liability are related to cases where liability may be incurred in private activities, they could not attach themselves to the kind of function which has no private warrant or existence.
How far the argument of full analogy of State to private acts may run will be illustrated if the consequences of legislative policies be considered. Often laws enacted for the public welfare are destructive of private activities. If an individual or corporation acted thus destructively there could be no doubt that a remedy would be readily found in the courthouse.
But the inconveniences of legislative dispositions of policy are not a proper subject for claims against the government. No government could function thus hedged in by lawsuits. If it were the legislative intention to assume a liability on any such revolutionary scope, it would demand unmistakable language.
A classic illustration is Barrett v. State of New York (220 N. Y. 423). There, wild beaver, liberated in the Adirondacks by the State and protected by its authority in pursuance of a legislative policy, extensively destroyed the claimants’ trees. The court was of opinion that the claimants were without judicial remedy and dismissed the claim.
Immunity from suit without consent is not all that can be said about the jural relations of a sovereign to its citizens. *62 There are some public functions which by their nature could impose no liability even if all sovereign immunity were fully waived. The immunity is merely a bar to the access of the claimant to a court. Even the private individual who can claim no immunity may argue that although he is before the tribunal properly, the action does not lie against him for one reason or another.
It is fundamental in the case of a sovereign, and it would require far more explicit language than the Legislature has yet used to alter the rule, that there is no responsibility under substantive municipal law for the acts of a sovereign in wTar or the suppression of public disorders or for the creation and development of the necessary instrumentalities of force to implement these functions. If all functions of the State could be treated as the acts of individuals, .as appellants argue, and. if the general waiver of immunity from ‘ ‘ liability and action ’ ’ could be fully related to all such functions, a State would become liable for the acts of force and violence in the defense of its territory or the suppression of insurrection.
We think there can be no such liability arising from the ‘1 torts ’ ’ of the militia, either the result of force in its functions or force in what is an incident to its function, its organization and training. The militia is required by the Constitution to be “ disciplined ” and “ ready for active service ”, (N. Y. Const., art. XII, § 3).
In the Goldstein case (supra) the claim was for the death of a member of the State militia arising from the negligence of a fellow member of the militia. It was held the claim did not lie. The expression then in the statute waiving immunity from liability for torts of “ officers and employees ” (p. 405) was closely examined. But the determination of the court was much more broadly based than upon the expression 1‘ officers and employees ”. Even if the acts of its officers and employees would incur a private liability in private cases, it was held, there is a class of State activity for which there is no liability (p. 406). The statute which applies to these claims is no broader in that respect than the one considered in the Goldstein case, and it is no more an efficient basis of sovereign liability.
The judgments should be affirmed, without costs.
Foster, P. J., Hefferkar, Brewster and Sartry, JJ., concur.
Judgments affirmed, without costs.