HARRY LONG, Claimant, *v.* STATE OF NEW YORK, Defendant.
(Claim No. 32469.)

Court of Claims, October 7, 1955.

*Jacob K. Javits, Attorney-General (Robert L. Horkitz of* counsel), for defendant.

*Raymond A. Werchen* for claimant.

SYLVESTER, J. Motion by the State to dismiss the claim. Claimant, while walking in front of the Fourteenth Street Armory, was struck on the head by a heavy falling object which had been attached to the armory building, suffering injuries for which he seeks damages against the State, alleging its negligence. The question concerns the State's liability.

Prior to the enactment of section 8-a of the Court of Claims Act, the court had no jurisdiction of an action against the State for the torts of members of the National Guard, since it had not waived its immunity from such liability (*Farina* v. *State of New York,* 197 Misc. 319; *Dembrod* v. *State of New York,* 185 Misc. 1061; *Goldstein* v. *State of New York,* 281 N. Y. 396). It was said in the *Goldstein* case, per Hubbs, J. (p. 405): " officers and privates in the militia * * * are not ' officers and employees ' within the meaning, intent and purpose of the section.* Therefore, the State has not waived its immunity from liability for their torts."

By the enactment of chapter 343 of the Laws of 1953 (Court of Claims Act, § 8-a) effective May 1, 1953, the State waived " its immunity from liability and action with respect to the torts of members of the organized militia * * * in the operation, maintenance and control of vehicles ". The foregoing limitation does not, however, embrace the case at bar, and liability here would be precluded since the issue does not concern itself with the " operation, maintenance and control of vehicles ".** It is further argued, however, that the injuries resulted from the " negligence of the State in the management, operation, maintenance and control " of the armory. This, of course, represents a mere conclusion of the pleader. On the papers, it satisfactorily appears from the affidavits submitted by the State that the militia was in complete control, operation and management of the armory. Such control accords with the duty imposed by section 182 of the Military Law, the material portion of which reads: " § 182. Control of armories and other facilities. 1. All armories, arsenals, camps, ranges, bases and other facilities owned, leased or maintained by the state or by the United States for the use of the organized militia and all activities conducted therein shall be under the general charge and control of and shall be regulated by the chief of staff. He shall be responsible to the governor for the proper expenditure of all moneys appropriated therefor. * * * 3. * * * All officers so designated pursuant to subdivisions two and three hereof shall observe and enforce all laws, orders and regulations

* Former Court of Claims Act, § 12-a. The pertinent language " officers and employees " is retained in present Court of Claims Act, § 9, subd. 2 and merits the same interpretation.

** In any event, the amendment would not be applicable here for the reason that the act provides that it " shall apply only to torts committed after this act takes effect." The tort here is alleged to have been committed on April 18, 1952.

applicable to such armory, arsenal, camp, range, base or other facility, their furnishings, equipment, contents and all activities conducted therein and to the persons employed therein.''

It is thus established that:

(a) The control of the armory and its activities are vested by law in the militia and not in the State.

(b) The State has not waived its·immunity from liability for the alleged tort here pleaded.

(c) On the pleading, in any event, there is no sufficient allegation of fact charging the negligence of the State.

In these circumstances, and it appearing that the court does not have jurisdiction of the subject of the action (Rules Civ. Prac., rule 107), the motion to dismiss must be granted.