Samuel Rabin, J.
This is an action grounded on the Jones Act to recover for the wrongful death of the decedent, an employee of the defendant. As a complete defense to this action the defendant pleaded in its answer that the plaintiff had waived any right she may have had to bring this action because she had filed a claim for death benefits under the Workmen’s Compensation Law of the State of New York and had received and retained the benefits under a final award, which the Workmen’s Compensation Board had made in her favor.
The court reserved decision upon the defendant’s motion to dismiss the complaint and submitted the ease to the jury on the issue of negligence and whether the decedent was a seaman and entitled to recover under the J ones Act. The jury brought in a verdict in favor of the plaintiff, whereupon the defendant moved to set such verdict aside on all the grounds set forth in section 549 of the Civil Practice Act and upon the grounds of plaintiff’s waiver of the benefits under the Jones Act as aforesaid.
The decedent was employed by the Department of Public Works of the City of New York with the title of laborer. After his death, his widow, the plaintiff herein, filed a claim for workmen’s compensation. After she received a final award from the Workmen’s Compensation Board, under which she is still receiving benefits, this action was commenced.
The State of New York, being sovereign, may not be sued unless it waives its immunity from liability. The defendant, being a civil division of the State, enjoys the same immunity. *411 (Bernardine v. City of New York, 294 N. Y. 361.) Under the common law there was no cause of action for the wrongful death of a seaman. The Jones Act endowed seamen with a right of action against their employers for negligence, but it did not, and could not, give permission to sue a State or a civil division thereof. This cause of action, therefore, cannot lie against the defendant City of New York unless there has been a waiver of immunity.
It has been held that a waiver of immunity from liability must be clearly expressed. (Goldstein v. State of New York, 281 N. Y. 396, 403.) Section 8 of the Court of Claims Act waives the State’s exemption from liability and, therefore, that of its civil divisions. (Bernardine v. City of New York, supra, p. 365.) As noted, however, by the Appellate Division, Fourth Department, in Maloney v. State of New York (2 A D 2d 195, 198, affd. 3 N Y 2d 356, 360) “ The Court of Claims Act contains no waiver of immunity as to claims of persons covered by the Workmen’s Compensation Law, and there is no jurisdiction to hear such claims.” Since the plaintiff’s intestate was a laborer employed by a municipal corporation within the meaning of group 17 of subdivision 1 of section 3 of the Workmen’s Compensation Law, and that municipal corporation furnished coverage and is liable for workmen’s compensation under section 10 of said law, which liability is the exclusive remedy under section 11 of that law, it follows that the plaintiff has no remedy other than that provided by the Workmen’s Compensation Law. For that reason alone, therefore, the court feels constrained to set aside the verdict and to dismiss the complaint on the merits.
Proceed, accordingly, on notice.