Dorothea E. Donaldson, J.
This is an action for damages for personal injury to the infant claimant. Since the court has determined that there is a jurisdictional failure in the claim, only cursory reference will be made to the factual details involved.
On November 19,1958 the claimant, then 12 years of age, was assaulted and bitten by a German Shepherd dog, alleged, but not proven, to be owned by or at least under the control and supervision of the New York National Guard. The incident occurred on a sidewalk in front of the building at 321 Manor Road, Staten Island, alleged to be an armory as defined in section 175 of the Military Law. The claimant was lawfully proceeding on the sidewalk when the dog ran out, apparently through a gate and, without warning or provocation, bit him on the leg inflicting a wound which required suturing and which resulted in a minor scar behind the right knee. Special damages were not pleaded nor proved at trial.
The determination of the issue of the State’s liability resolves itself initially into a consideration of the appropriate statutory law in force at the time and the question posed by the claimant, as to whether a modification of this law results retroactively from its subsequent amendment.
Prior to enactment of section 8-a of the Court of Claims Act it was consistently held that the State had not waived its immunity from liability for torts committed by members of the organized militia while acting within the scope of their military authority. (Goldstein v. State of New York, 281 N. Y. 396; Dembrod v. State of New York, 185 Misc. 1061; Farina v. State of New York, 197 Misc. 319.) It was held in Goldstein that section 12-a of the Court of Claims Act (now § 8), which waives the State’s immunity from liability for torts of State officers and employees, did not confer jurisdiction in the Court of Claims to entertain a suit founded upon the negligence of militiamen since they were deemed “ citizens performing a public duty under the Military Law ” (p. 405) and not officers and employees of the State. The subsequent amendment of the section, waiving immunity as to 16 liability and action ” and consenting ‘ ‘ to have the same determined in accordance with the same rules of law as applied to actions in the supreme court against individuals or corporations ”, has not expanded the area of the State’s responsibility. (Newiadony v. State of New *348 York, 276 App. Div. 59. Cf. Strassman v. State of New York, 3 Misc 2d 723, affd. 6 A D 2d 962.)
With the advent of section 8-a, originally enacted in 1953 (L. 1953, ch. 343, § 1), the State waived its immunity from liability with respect to acts committed by members of the militia in the operation, maintenance and control of vehicles owned by or assigned to the State while such persons were acting within the scope and in the performance of their duties in the military service of the State. The legislation, it should 'be noted, contained the following proviso: “This act shall apply only to torts committed after the act takes effect [May 1, 1953].” It was this legislation which was in effect upon the accrual of the present claim.
Subsequently, on March 15, 1960, the Legislature amended section 8-a to include within the waiver of the State’s immunity the operation, maintenance and control of armories devoted to the use of the organized militia of the State (L. 1960, ch. 214). Section 2 of this chapter provided: ‘ ‘ This act shall take effect immediately.” It is the claimant’s contention that the failure of the Legislature to specify that the amendment of 1960 was to apply only to torts committed after the act took effect creates a presumption that the revision of section 8-a was intended to apply retroactively. The rule is, however, that an amendatory statute will have prospective application only, unless its language clearly indicates that it shall receive a contrary interpretation. (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 52.) A provision in an amendatory statute that “ This act shall take effect immediately” has been held to exclude that it should be retroactive. (Matter of Beckford v. Cheshire, 128 Misc. 10.) And, although “ [c]hanges of procedure, i.e., of the form of remedies, are said to constitute an exception * * * that exception does not reach a case where before the statute there was no remedy whatever”. (Jacobus v. Colgate, 217 N. Y. 235, 240, citations omitted. See, generally, Long v. State of New York, 208 Misc. 703.)
Jackson v. State of New York (261 N. Y. 134), cited by claimant, is inapposite since it involves a consideration and determination of legislative intent with respect to the effect to be given to former section 12-a of the Court of Claims Act. Since this act was applicable to “ officers and employees ”, under the doctrine of Goldstein v. State of New York (supra), it is not controlling.
The State’s motion to dismiss is granted.