[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON REQUEST TO REVISE
The complaint appears to assert a tort for spoilation of evidence. It is unclear whether the complaint alleges CT Page 9191 negligent or intentional spoilation of evidence or both. These are two very different legal theories. The defendant has filed a request to revise asking the plaintiff to revise its complaint so as to state with specificity whether the cause of action alleged is based on negligent or intentional conduct.
It is true as the plaintiff says that a complaint does not have to plead evidence and need only contain a concise statement of the material facts it relies on. The facts pled "fairly apprise the defendant of what the plaintiff intends to prove at trial."
But in addition to knowing the facts on which a plaintiff intends to rely on at trial a defendant is entitled to know exactly what the legal theory is that the plaintiff intends to rely on. P.B. § 108 talks of fact pleading but it also goes on to say:
 "If any such pleading does not fully disclose the ground of claim or defense the court may order a fuller and more particular statement and if in the opinion of the court, the pleadings do not sufficiently define the issues in dispute, it may direct the parties to prepare other issues . . ."
This complaint does not properly set forth the grounds or legal theory on which it is based or define the issues the parties will have to confront. The rules of pleading "are designed to clarify and fix the issues and to confine the judicial inquiry necessary to decide the issues within reasonable and relevant limits", Salem Park Inc. v. Salem,149 Conn. 141, 144 (1961).
A plaintiff's legal theory should not be so unclear so as to allow it at trial or on appeal to argue one of several legal theories, New Haven v. Torrington, 132 Conn. 194,199 (1945). If this complaint is not revised it might unfairly limit the defendant's ability to determine whether evidence offered is outside the allegations of the complaint. All of this is a way of saying that fact pleading was the initial way of giving one's opponent fair notice of what she or he had to face at trial. The liberal discovery rules were a further attempt to prevent trial by ambush. But you can be ambushed by legal theories as well CT Page 9192 as by facts not fairly brought to your attention.
Also one of the recognized purposes of a request to revise is to set up the complaint for a motion to strike,Moore v. State, 15 Conn. Sup. 251, 252 (1947). The request to revise appears to be filed with that intent.
The request to revise is granted.
Corradino, J.