[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE NO. 108
On June 29, 1994, the plaintiff, Richard K. Franklin, filed this action against the defendant, Royal Indemnity Company (Royal), for alleged breach of an insurance contract and bad faith. In his complaint, Franklin alleges that he had a motor vehicle insurance liability contract with Royal in effect from February 20, 1993, to August 20, 1993. Franklin alleges that he was involved in an accident on March 13, 1993, in which he sustained physical injuries, and that despite repeated demands for basic reparations payments due under the contract, Royal has refused to pay any benefits to Franklin. Notably, Franklin did not attach a copy of the insurance policy to his complaint.
On September 9, 1994, Royal filed an answer to the complaint and, by way of special defense, asserted that it was not obligated to make any basic reparation payments to Franklin because Franklin had refused to submit to a physical examination as called for in the insurance contract. Royal alleged that Franklin's refusal to submit to an independent physical examination when requested by Royal, "voided his coverage" under the contract.
On September 15, 1994, Franklin filed a request to revise Royal's answer to the complaint. On November 7, 1994, Royal filed a revised complaint and special defense, removing the language that was the source of Franklin's objection. CT Page 13226
On April 27, 1995, Franklin filed a motion to strike Royal's special defense on the ground that it was legally insufficient. In his supporting memorandum, Franklin argued that the provision of the insurance contract, which called for him to submit to an independent physical examination, was violative of General Statutes § 38a-372(c), and thus is void. Franklin also argued that the special defense is invalid since "there is no allegation that the plaintiff failed to object to the examination in writing."
In response, Royal argues that Franklin "merely contends that because [our] . . . Special Defense lacks certain factual allegations, the policy provision. . . is of no effect and is void." Royal argues that "the legal issue [of] whether or not [our]. . . policy is violative of [General Statutes § 38a-372] . . . does not turn upon the addition or deletion of factual allegations to or from the pleadings."
Additionally, Royal argues that Franklin's allegation that the special defense lacks factual allegations should have been raised by a request to revise the special defense. Royal notes that Franklin previously requested that Royal revise its answer, yet failed to request a similar revision of its special defense. Royal argues: "Having failed to file a request to revise directed to the Special Defense, the plaintiff should not be permitted to accomplish by way of a motion to strike what he should have sought to accomplish by way of a request to revise."
"A motion to strike is the proper procedural vehicle to challenge the legal sufficiency of any special defense." GatewayBank v. Herman, Superior Court, Judicial District of Danbury at Danbury, Docket No. 315947 (May 15, 1995, Stodolink, J.); Practice Book § 152(5).
On a motion to strike, "the trial court [has an]. . . obligation to take the facts to be those alleged in the special defenses and to construe the defenses in the manner most favorable to sustaining their legal sufficiency." ConnecticutNational Bank v. Douglas, 221 Conn. 530, 536, 606 A.2d 684
(1992). Thus, Royal's contention that the factual allegations of its special defense have been admitted by Franklin for purposes of the motion to strike is correct. Additionally, Royal's argument that Franklin's objection to the language of the special defense should have been raised by a request to revise is well founded. See William Moore v. State of Connecticut, 15 Conn. Sup. 251, CT Page 13227 252 (C.P. 1947) ("[t]here are times when a [request to revise]. . . should first be considered by a pleader before resort is made to a. . . [motion to strike]").
More importantly, however, is the fact that Franklin has made a "speaking motion to strike," in that he has alleged the legal insufficiency of the insurance policy without providing the court with a copy of that policy. A motion to strike which imparts facts from outside the pleadings is an improper "speaking motion to strike." Connecticut State Oil Co. v. Carbone, 36 Conn. Sup. 181,182-83, 415 A.2d 771 (Super.Ct. 1979). The Connecticut Supreme Court has stated that "speaking motions" are "fatally defective." Liljedahl Bros., Inc. v. Grigsby, 215 Conn. 345, 347,576 A.2d 149 (1990).
Without examining the disputed provisions of the policy, the court is unable to rule on its legal sufficiency or insufficiency. As such, Franklin's motion to strike is denied.
Stodolink, J.