David H. Greenwood, Petitioner *v.* Commonwealth of Pennsylvania, Department of Military Affairs and Pennsylvania National Guard, Respondents.

Argued October 6, 1983, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*Lopis C. Long,* with him *Louis B. Loughren, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioner.

*Dennis T. Guise,* Chief Counsel, for respondents.

OPINION BY JUDGE CRAIG, November 22, 1983:

Claimant David H. Greenwood appeals an order of the Department of Military Affairs denying state benefits for a substantial back injury sustained in the line of duty while on annual two-week encampment with the Pennsylvania Army National Guard in 1975. At that time, state military benefits were governed by

482

section 844 of The Military Code of 1949.[1] The basis for the department's order is that the claimant was exclusively engaged in federal service and that the federal government has compensated him.

The questions are: (1) Does participation in federally funded and mandated training mean that a Pennsylvania National Guardsman is in federal service exclusively, thereby precluding any state compensation for injuries sustained during the training? (2) Does receipt of federal incapacitation benefits render the guardsman ineligible for state compensation?

Mr. Greenwood was admitted to a federal hospital for treatment of his back injury. Under 32 U.S.C. §318, he incurred no costs for the treatment, and received a total of $683.50 in federal incapacitation benefits. Following his scheduled discharge from the Guard on September 17, 1975, Greenwood's incapacitation benefits ceased, although his back injury prevented him from returning to work until January 6, 1976.

After unsuccessfully challenging his discharge and termination of benefits at the federal level, Greenwood filed a claim for Pennsylvania workmen's compensation benefits. The referee denied his claim and the Workmen's Compensation Appeal Board reversed. In *Pennsylvania National Guard v. Workmen's Compensation Appeal Board,* 63 Pa. Commonwealth Ct. 1, 437 A.2d 494 (1981), this court vacated the board's action, finding that the board had exceeded its subject matter jurisdiction: "[W]hile the Pennsylvania Workmen's

---

[1] Act of May 27, 1949, P.L. 1903, *as amended*, 51 P.S. §1-844. The Military Code was repealed and replaced in the consolidation of Pennsylvania statutes by the Act of August 1, 1975, P.L. 233, No. 92, §1, 51 Pa. C. S. §3501. The new Code became effective January 1, 1976, after all pertinent events involved here, and does not manifest a clear intent to be construed retroactively. 1 Pa. C. S. §1926. Therefore, this case is governed by the repealed Military Code.

Compensation Act is to be applied in determining the amount of compensation, the actual authority to award relief lies with the Department of Military Affairs.'' *Id.* at 3, 437 A.2d at 495.

The Army National Guard of the United States is defined as the reserve component of the United States Army, and includes all members of the organized militia of the several states. 10 U.S.C. §§101(9)-(11). Thus, the Pennsylvania National Guard is a unit of the Army National Guard of the United States.

The National Guard is the modern militia reserved to the states by art. I, §8, cl. 15, 16 of the United States Constitution. *Maryland v. United States,* 381 U.S. 41 (1965). The Guard is under the command of the Governor except when it is called into actual service of the United States. Pa. Const. art. IV, §7; Act of May 27, 1949, P.L. 1903, §301, 51 P.S. §1-301. Thus, the Pennsylvania National Guard has a dual capacity and duty to serve both the state and federal governments.

In *New Jersey Air National Guard v. Federal Labor Relations Authority,* 677 F.2d 276 (3d Cir. 1982), the Third Circuit characterized the function of the National Guard in general as follows:

> The National Guard occupies a unique position in the federal structure. It is ''an essential reserve component of the Armed Forces of the United States, available with regular forces in time of war,'' and ''also may be federalized in addition to its role under state governments, to assist in controlling civil disorders.'' (Citations omitted.) ... [The role of the Guard] does not fit neatly within the scope of either state or national concerns; historically the Guard has been, and today remains, something of a hybrid. Within each state the National Guard is a state agency, under state authority and control. At the same time, the activity, makeup, and func-

tion of the Guard is provided for, to a large extent, by federal law.

*Id.* at 278-79.

The first issue, as noted, is the Pennsylvania National Guardsman's status, for purposes of section 844 of The Military Code,[2] during federally funded and mandated annual training.

Section 311 of the Pennsylvania Military Code sets forth the conditions under which the Governor may call the Pennsylvania National Guard into active duty: "The Governor may . . . place the National Guard . . . on active duty when an invasion of the State or an air attack on the State or an insurrection in the State occurs or is threatened, or when tumult, riot or disaster shall exist or in imminence thereof."

Under federal law, "members of the Army National Guard are not in active federal service except

---

[2] In *Maryland v. United States*, 381 U.S. 41 (1965), the United States Supreme Court held that, for purposes of the Federal Tort Claims Act, a state National Guardsman is a state and not a federal employee when his unit is not in active federal service. Therefore, the doctrine of respondeat superior could not be invoked to hold the United States liable to third parties injured through the negligence of a National Guardsman during inactive duty.

*Layne v. United States*, 295 F.2d 433 (7th Cir. 1961) and its progeny, held that a guardsman participating in annual training is in a dual role of serving both United States and state governments. The activity is deemed incident to military service of the United States (a broader test than "scope of employment" applied in *Maryland*), thereby precluding a federal tort claims action by an injured guardsman's widow receiving compensation under the Federal Veterans' Benefit Act.

Although these Federal Tort Claims Act cases are persuasive, they are not controlling on the question of a National Guardsman's status for purposes of §844 of the Pennsylvania Military Code.

*Knauer v. Salter*,      Pa. Superior Ct.    , 459 A.2d 1233 (1983), discussing disability compensation for a guardsman injured on training duty, although involving a different issue, is not inconsistent with our holding here.

when ordered thereto under law.'' 10 U.S.C. §3495. The President of the United States can order the National Guard into federal service under the following conditions: ''Whenever—(1) the United States, or any of the Territories, Commonwealths, or possessions, is invaded or is in danger of invasion by a foreign nation; (2) there is a rebellion or danger of a rebellion against the authority of the Government of the United States; or (3) the President is unable with the regular forces to execute the laws of the United States.'' 10 U.S.C. §3500.

In light of these provisions, participation in an annual training encampment plainly is not active duty for the state under section 311 of the state Code, nor is it ''active federal service'' under 10 U.S.C. §§3495, 3500.

Greenwood is appealing an order of the department denying him state benefits. Neither party has challenged the federal benefits awarded to Greenwood under 32 U.S.C. §318. Therefore, we need not decide whether the guardsman's status during training is federal as well as state, but only if he has state status so as to be eligible for benefits under section 844 which provides:

> If any officer or enlisted man of the Pennsylvania National Guard is wounded or otherwise disabled, or dies as a result of wounds or other disability received or contracted while performing duty in active service of the state or *in the performance of other state military duty* under competent order or authority, or while engaged in volunteer service during a civil emergency at the request of competent military authority, he, or his dependents, *if not compensated therefor by the government of the United States,* shall receive from the Commonwealth just and reasonable relief, the amount of compensation

to be determined in accordance with the Workmen's Compensation Law of Pennsylvania. (Emphasis added.)

Our review of state and federal law indicates that a Pennsylvania National Guardsman is "in the performance of state military duty" during annual training. Art. 1, §8, cl. 16 of the United States Constitution specifically reserves to the states the authority as to training guardsmen, according to the standards set by Congress: "To provide for organizing, arming, and disciplining the Militia, and for governing such Part of them as may be employed in the Service of the United States, reserving to the States respectively, the Appointment of the Officers, and the Authority of training the Militia according to the discipline prescribed by Congress." One element of the "discipline prescribed by Congress" is a fifteen-day annual encampment of all guardsmen for maneuvers, target practice and field exercises funded by the federal government. 32 U.S.C. §§502-503. Mr. Greenwood sustained the injury to his back while encamped by order of the Governor through the State Adjutant General for participation in field exercises under section 503.

The fact that annual encampment is funded and mandated by federal law does not strip the guardsman of his state status while participating in the training. The encampment is actually carried out by state military personnel under authority of the Governor who is constitutionally and statutorily charged with the obligation of training the guardsmen. Section 303 of the Military Code provides:

The Governor is hereby authorized and directed to assume the obligation of carrying out the training requirements set forth under the National Defense Act for the Pennsylvania National Guard. This training function is hereby delegated and becomes the responsibility of the

normal channels of command in the Pennsylvania National Guard.

Act of May 27, 1949, P.L. 1903, 51 P.S. §1-303.

Thus, both federal and state law clearly establish that a Pennsylvania National Guardsman participating in annual training is "performing a state military duty" under section 844, and therefore fulfills the threshold requirement as to eligibility for state benefits under that section.

Resolution of the second issue requires further interpretation of section 844, specifically the phrase "if not compensated therefor by the Government of the United States."

An unstrained reading of the word "therefor" is that it relates the sense of the section to compensation for being "disabled"—the "relief" thereafter stated —rather than to the overall pay for performing the duty; that reading is reinforced by the section's subsequent use of "compensation" specifically in the context of the Workmen's Compensation Act, which, of course, relates to compensation for disability. We therefore reject the Commonwealth's contention that the federal pay, for the training service, alone negates entitlement to any state compensation.

Further, even reading the term "compensation" as referring to "relief" for disability, the Commonwealth urges this court to interpret the section to mean that if a guardsman receives *any* compensation for the disability, no matter how minimal, he has been "compensated therefor by the Government of the United States" and is thereby barred from any additional recovery from the state. We disagree.

Under the Statutory Construction Act, 1 Pa. C. S. §1903(a), we must interpret those words according to their common and approved usage. Black's Law Dictionary (5th Ed. 1979) defines "compensation" as follows: "Indemnification; . . . making whole; that which

is necessary to restore an injured party to his former position . . ." Page 256. An injured party is not "made whole" by a minimal or partial compensation for his loss. Therefore, we read the literal language in section 844 as stating that a guardsman is to be given "just and reasonable relief," and further that "the amount of compensation" is "to be determined in accordance with the Workmen's Compensation Law of Pennsylvania." This interpretation does not allow a guardsman a double recovery because, following our construction consistently, any compensation paid by the United States Government will offset the full amount of state compensation determined according to the Pennsylvania Workmen's Compensation Act.

This compensation scheme is consonant with our history of fair and adequate treatment of servicemen and veterans. The interpretation urged by the Commonwealth would result in a system which bars all state benefits when minimal federal benefits have been previously paid. Although there is no legislative history to guide our interpretation of the statute, we cannot presume that the General Assembly intended such an unreasonable result. 1 Pa. C. S. §1922(1).

The Commonwealth's reliance on *Kentucky National Guard v. Bayles*, 535 S.W.2d 234 (Ky. 1976), is misplaced because that case turned on the construction of a Kentucky statute which expressly denied the status of state service whenever a guardsman was entitled to receive federal pay. Ky. Rev. Stat. §342.640 (3) provided: "Every person who is a member of the Kentucky National Guard, while said member is on active State Service shall be deemed for the purposes of this chapter to be in the employment of this State." However, Ky. Rev. Stat. §38.010(4) limited the definition of "active state service" as follows: "The participation of any unit or units of the Kentucky National Guard in gunnery competition or other training

or military exercise anywhere within or without the United States *except when entitled to receive federal pay.''* (Emphasis added.) The Pennsylvania Military Code makes no such distinction.

Therefore, we conclude that, as a Pennsylvania National Guardsman injured while participating in annual training, Mr. Greenwood is eligible for state compensation under 51 P.S. §1-844, computed in accordance with The Pennsylvania Workmen's Compensation Act, to be offset by any compensation received from the federal government.

Accordingly, we reverse the order of the Department of Military Affairs and remand for computation of the compensation accordingly.

### Order

Now, November 22, 1983, the order of the Department of Military Affairs, dated October 5, 1982, is hereby reversed, and this case is remanded to the Department of Military Affairs for the computation of compensation in accordance with The Pennsylvania Workmen's Compensation Act, subject to an offset for any compensation payments which the claimant has received from federal sources.

Jurisdiction relinquished.

---

Dissenting Opinion by Judge MacPhail:

I respectfully dissent.

I would affirm the Department of Military Affairs because I am well satisfied that Mr. Greenwood does not fall within the provisions of Section 844 of the Military Code of 1949, Act of May 27, 1949, P.L. 1903, *as amended,* 51 P.S. §1-844.

Mr. Greenwood was not in the active service of the Commonwealth when his injury occurred, he was not in the performance of any other military duty com-

pelled by the Commonwealth and he was not a volunteer. Moreover, he has been compensated for his injury by the United States Government pursuant to the provisions of federal law.

I respectfully disagree with my colleagues' conclusion that a Pennsylvania National Guardsman is in the performance of state military duty during annual training compelled by federal law and paid for by the federal government.