513 A.2d 576

Daniel George Hughes, Deceased, Rebecca Lane Hughes, Widow, Petitioner *v.* Workmen's Compensation Appeal Board (Salem Transportation Co., Inc.), Respondents.

Argued June 10, 1986, before Judges MACPHAIL and DOYLE, and Senior Judge ROGERS, sitting as a panel of three.

*Arthur G. Girton, Arthur G. Girton, P.C.,* for petitioner.

*Susan McLaughlin,* for respondent, Salem Transportation Co., Inc.

OPINION BY SENIOR JUDGE ROGERS, August 5, 1986:

Rebecca Lane Hughes (claimant) has filed a petition for review of an order of the Workmen's Compensation Appeal Board (Board) reducing the amount of compensation awarded her by a referee for the death of her husband.

The claimant's husband, Daniel George Hughes (decedent), died on July 3, 1977 as a result of injuries sustained in an automobile accident during his work as a limousine driver for the Salem Transportation Company, Inc. (Salem). He was survived by the claimant and his minor daughter. At the time of the accident, the decedent was also a member on active duty of the United States Navy (federal government) under a contract of enlistment which commenced in 1962. His work for the federal government was done at the Philadelphia Naval Base. His average weekly wage from Salem was $165.00. He earned $199.07 a week from his work for the federal government.

On July 18, 1979 the referee handed down a decision in which he concluded that Salem and the federal government were concurrent employers of the decedent for the purpose of computation of wages under Section 309(e) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §582(e). Section 309(e) requires that when an injured employee is concurrently working under contracts with

two or more employers, his wages from all of such employers shall be considered as if earned from the employer liable for compensation under the Act. The referee computed compensation due Mr. Hughes' survivors on the basis of Hughes' earnings from both Salem and the federal government.

On appeal, the Board concluded that the federal government was not Hughes' employer and awarded compensation based only on his earnings at Salem. The claimant has appealed.

The board based its decision against the claimant on the case of *Pennsylvania National Guard v. Workmen's Compensation Appeal Board and David H. Greenwood,* 63 Pa. Commonwealth Ct. 1, 437 A.2d 494 (1981) *(Greenwood I)*. *Greenwood I* is really not helpful in the decision of this appeal. David H. Greenwood, a member of the Pennsylvania National Guard, sustained an injury while participating in annual Guard training. He filed a claim petition for workmen's compensation. A referee denied benefits; the Board reversed the referee's decision. On further appeal the Commonwealth Court vacated the Board's order holding that the Workmen's Compensation Board was without subject matter jurisdiction because Section 702 of the Military Code, Act of May 27, 1949, P.L. 1903, *as amended,* 51 Pa. C. S. §702, vests the exclusive power to award relief to members of the National Guard injured on duty in the Pennsylvania Department of Military Affairs. The case was not about concurrent employers; and the dispute was not over the amount of compensation.

The claimant, in turn, relies on *Greenwood v. Commonwealth Department of Military Affairs,* 78 Pa. Commonwealth Ct. 480, 468 A.2d 866 (1983), *rev'd,* 510 Pa. 348, 508 A.2d 292 (1986) *(Greenwood II),* the sequel to *Greenwood I.* This was Mr. Greenwood's appeal from the decision of the Department of Military

Affairs, to which this court's opinion in *Greenwood I* had referred him, denying compensation on the ground that Greenwood was employed by the federal government at the time of his injury. We held that a member of the Pennsylvania National Guard injured during federally funded and mandated annual training is not "in active service of the state" nor on "active federal duty"; but is engaged "in the performance of other state military duty" and therefore eligible for state compensation under Section 844 of the Military Code, 51 P.S. §1-844. The Supreme Court reversed our order, holding that Greenwood was on federal duty and not performing state military duty. In *Greenwood II,* again, there was no issue of concurrent employers and the dispute was not over the amount of compensation.

The issue in this case is whether the federal government was the decedent's employer for the purpose of computing the amount of compensation to be awarded to his survivors and paid by Salem, pursuant to Section 309(e), 77 P.S. §582(e).

Salem, the claimant's employer, and the Board in its decision, emphasize the definition of the word "employer" which it says does not include the federal government. That definition found at Section 103, 77 P.S. §21 provides that "[t]he term . . . is declared to be synonymous with master, and to include natural persons, partnerships, joint stock companies, corporations for profit, corporations not for profit, municipal corporations, the Commonwealth, and all government agencies created by it." Salem's contention is that since the federal government is not included in the list of entities included in Section 103 by name, it was not intended to be an employer for any purpose of the Act, including Section 309(e).

Of course, under fundamental tenets of our Republic the Commonwealth of Pennsylvania has no power to make the federal government subject to any of its laws and regulations. Therefore, if the silence of the Section 103 definition of employer concerning the federal government means anything, it must mean that the obligations imposed on employers and the rights conferred upon workers by the Act are not to apply to the federal government or its employees. But Section 309(e), 77 P.S. §582(e), imposes no obligation whatsoever upon an employer other than an employer for whom the injured employee was working, which in this case was Salem, not the federal government.

The exact relevant wording of Section 309(e) is:

> Where the employee is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation.

It is true that the federal government fits the definition of the decedent's employer under Section 103; it was the master and he the servant. But it is also true that the claimant worked under concurrent contracts with Salem, the employer "liable for compensation," and the federal government. To repeat no burden is imposed by Section 309(e) on the employer not liable for compensation, which in this case is the federal government. Hence, while the federal government is not and, could in no event against its will, be an employer for purposes of subjection to, or regulation under, the Act, it may nevertheless be a concurrent employer for the purpose of computing the compensation to be awarded against and paid by the liable employer. This construction of the Act is consonant with its remedial purpose to compensate workers for loss of earnings as the result of work-related injuries. In this death case, the decedent's

survivors were deprived of the decedent's earnings from his work for the federal government, as well as for his work with Salem. Surely, the loss of earnings attributable to both positions of employment should be included in computing the benefits to be awarded to his survivors.

There is but one case in point and the court in that case reached the same result as we have and on similar reasoning. *See Giannuzzi v. Donninger Metal Products,* 585 F. Supp. 1306, 1309 (W. D. Pa. 1984).

Salem also contends that we should take judicial notice of the fact that the claimant is receiving compensation from the federal government and order that this federal compensation should be set off against its, Salem's, obligation for workmen's compensation. There is no evidence in this record that benefits are being paid to the survivors by the federal government, much less their nature or their amount. Moreover it is not, we believe, general knowledge that all survivors of persons in federal employment killed in other employment receive compensation from the federal government. Nor are we persuaded that Section 306(b), 77 P.S. §512, Section 305.2, 77 P.S. §501, and Section 204, 77 P.S. §71, cited by Salem, require the set-off of federal benefits, if such are being paid.

Order reversed; the referee's award is ordered reinstated.

## ORDER

AND NOW, this 5th day of August, 1986, the order of the Workmen's Compenstion Appeal Board in the above-captioned matter is reversed and the referee's award is reinstated.