**STRAIGHT LINE EXPRESS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PACKER), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 9, 1994.

Decided Feb. 8, 1995.

Reargument Denied March 21, 1995.

Robert J. Menapace, for petitioner.

Norman M. Lubin, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Straight Line Express (Straight Line) petitions for review of the July 12, 1994 order of the Workers' Compensation Appeal Board in which the Board affirmed the Referee's calculation of benefits under Section 309(e) of the Pennsylvania Workers' Compensation Act (the Act).[1] We reverse and remand.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 582(e).

The sole question before us involves the manner of calculating Claimant's average weekly wage. Claimant had been working under two contracts, as an independent contractor of one company and as an employee of another company. The narrow issue is whether income earned under the independent contractor agreement can be included in the computation of benefits payable by the employer liable for compensation.[2]

## Background

Claimant Ernest Packer, a truck driver, filed a Claim Petition against K.K. Kresge Trucking (Kresge), alleging that he had sustained a work-related injury on December 7, 1990, when he slipped and fell at a truck stop on an assigned route from Pennsylvania to Texas. Kresge joined Straight Line as an additional defendant.

The relevant facts as found by the Referee are as follows. At the time of Claimant's injury, he was operating a truck owned by Kresge and leased to Straight Line. Claimant had an independent contractor agreement with Kresge. Straight Line deducted a percentage of the gross revenues from Claimant's trip in order to pay for workers' compensation insurance coverage. Kresge did not maintain workers' compensation coverage for Claimant during Claimant's trip. Claimant contacted Straight Line for instructions during the trip.

The Referee determined that Straight Line was the employer responsible for Claimant's workers' compensation benefits. The Referee ordered Straight Line to pay Claimant temporary total disability benefits at the rate of $326.45 per week, based on an average weekly wage of $489.68. The Referee dismissed all claims against Kresge.

Straight Line appealed to the Board. Straight Line did not contest its liability but argued only that, in calculating Claimant's average weekly wage, the Referee had incorrectly included wages that Claimant had earned from Kresge. The Board affirmed, holding that "it does not matter that some of the compensation paid to the Claimant came from [Kresge]. The issue before the Referee was who the employer was, not who issued the checks. The Referee found [Straight Line] to be the employer regardless of who paid the Claimant." (Board's July 12, 1994 Opinion at 2–3.)

On appeal to this Court, Straight Line does not contest the applicability to this case of Section 309(e) of the Act, 77 P.S. § 582. Straight Line argues, without citation to supporting authority, that only the $146.25 in wages, which Claimant earned from Straight Line for the December 7, 1990 trip, are to be used in calculating Claimant's compensation rate under that section.[3]

Claimant responds that he had a continuing employment relationship with Kresge and Straight Line at the time of his injury. Claimant contends, therefore, that Claimant was either a "borrowed employee" or concurrently employed by both Straight Line and Kresge at the time of his injury.

## Discussion

In general, under Section 309(e), in an exclusively seasonal occupation, the average weekly wage of the employee "shall be taken to be one-fiftieth of the total wages which the employe has earned from all occupations during the twelve calendar months immediately preceding the injury; ..." 77 P.S. § 582(e). Additionally, Section 309(e) provides that "[w]here the employe is working under concurrent contracts with two or more employers, his wages from all such *employers* shall be considered as if earned from the employer

---

2. Our scope of review is limited to determining whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *Bethenergy Mines, Inc. v. Workmen's Compensation Appeal Board (Sebro)*, 132 Pa.Commonwealth Ct. 288, 572 A.2d 843 (1990).

3. Citing *Pike v. Workmen's Compensation Appeal Board (Bob Hart Contractors)*, 162 Pa.Commonwealth Ct. 455, 639 A.2d 887 (1994), Straight Line also contends that the Referee and Board erred in relying on an allegedly uncorroborated Statement of Wages in determining Claimant's average weekly wage. We conclude, however, that the information contained in the Statement of Wages, which was admitted into evidence without objection and corroborated by Kennard K. Kresge, the sole proprietor of Kresge, is sufficient to support a finding relating to Claimant's wages.

liable for compensation." 77 P.S. § 582(e). (Emphasis added).

■ The plain meaning of that section indicates that qualifying wages arise from an employer/employee relationship. *See, e.g., Deichler v. Workmen's Compensation Appeal Board (Emhart/True Temper)*, 143 Pa.Commonwealth Ct. 189, 598 A.2d 1030 (1991), *petition for allowance of appeal denied*, 530 Pa. 662, 609 A.2d 169 (1992) (where claimant engaged in two occupations, income from self-employment not included in compensation payable by employer liable under Section 309(e)). The claimant bears the burden of establishing the existence of an employment relationship. *Johnson v. Workmen's Compensation Appeal Board (Dubois Courier Express)*, 158 Pa.Commonwealth Ct. 76, 631 A.2d 693 (1993), *petition for allowance of appeal denied*, 537 Pa. 613, 641 A.2d 313 (1994).

■ Here, the Referee determined that an employer/employee relationship existed between Claimant and Straight Line. However, the Referee determined that, as to his relationship with Kresge, Claimant was an independent contractor rather than an employee. (Referee's September 16, 1992 decision, Finding of Fact No. 12.) Although the issue of whether a claimant is an independent contractor or an employee is a question of law fully reviewable by this Court, *Johnson*, Claimant, here, concedes that he was an independent contractor of Kresge at the time of his injury. (Claimant's Brief at 4.)

■ Under the Act, an independent contractor is not an "employee" entitled to compensation. *Johnson; Kelly v. Workmen's Compensation Appeal Board (Controlled Distribution Services, Inc.)*, 155 Pa.Commonwealth Ct. 313, 625 A.2d 135 (1993). We hold, therefore, that because Claimant was not an "employee" of Kresge entitled to workers' compensation benefits, his income earned from Kresge cannot be included in the computation of his benefits payable by Straight Line under Section 309(e).

Accordingly, we reverse and remand this case to the Board to direct the Referee to recalculate Claimant's benefits, excluding from the average weekly wage calculation any income earned by Claimant as an independent contractor of Kresge.

## ORDER

**AND NOW,** this 8th day of February, 1995, the order of the Workers' Compensation Appeal Board dated July 12, 1994 at No. A92–2581 is hereby reversed and this matter is remanded to the Workers' Compensation Appeal Board for further proceedings consistent with this opinion.

Jurisdiction relinquished.