STATE WORKERS' INSURANCE FUND and Harley Davidson of Erie, Inc., Petitioners,

v.

WORKERS' COMPENSATION APPEAL BOARD (LOMBARDI), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 2, 2004.

Decided March 29, 2004.

George John Steffish, III, Butler, for petitioner.

Lawrence R. Chaban, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, J., LEADBETTER, J., and KELLEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

The State Workers' Insurance Fund and Harley Davidson of Erie, Inc. (together, Employer) petition for review of that portion of the July 8, 2003, order of the Workers' Compensation Appeal Board (WCAB) which affirmed the decision of a workers' compensation judge (WCJ) to deny, in part, Employer's amended petition to review or suspend benefits.

On December 19, 1998, Gerald Lombardi (Claimant), a part-time funeral escort motorcycle operator with Employer, sustained a fractured fibula of his left leg when he lost control of his motorcycle and landed in a ditch. On January 7, 1999, Employer issued a notice of compensation payable (NCP) accepting liability for a "left leg fracture." (WCJ's Findings of Fact, No. 3). At the time of his work-related injury, Claimant also was employed full-time on a commission-only basis as a real estate agent with Coldwell

Banker. (WCJ's Findings of Fact, Nos. 8, 13.) Therefore, pursuant to section 309(e) of the Workers' Compensation Act (Act),[1] Employer calculated Claimant's average weekly wage (AWW) by combining his earnings as a real estate agent with wages earned from Employer, and, based on that calculation, Employer paid Claimant benefits in the amount of $280.50 per week.[2] (R.R. at 4a.) Although Claimant was still treating for his work-related injury, Claimant returned to work for Coldwell Banker in the spring of 1999. (WCJ's Findings of Fact, No. 14.)

On December 22, 2000, Employer filed a modification petition, seeking to reduce Claimant's benefits to partial disability as of October 3, 2000, because Claimant had failed to apply for available job positions. (WCJ's Findings of Fact No. 2.) Claimant filed a timely answer denying the allega-

tions, and a hearing was held before the WCJ on March 27, 2001.[3]

On June 6, 2001, while the modification petition remained pending, Employer filed a petition to review or to suspend Claimant's benefits, alleging that Claimant's benefits must be reduced because he had returned to work with Coldwell Banker and was receiving real estate sales commissions. (WCJ's Findings of Fact, No. 2.) Employer's petitions were consolidated, and a second hearing was held before the WCJ on August 29, 2001. At that hearing, Employer orally amended its petition to review or suspend benefits; Employer sought to adjust Claimant's AWW downward, claiming that he should not have been considered as having concurrent employment for purposes of section 309(e) of the Act.[4] (R.R. at 43a.)

1. Act of June 2, 1915, P.L. 726, *as amended,* 77 P.S. § 582(e). Section 309(e) states, in part, that "[w]here the employe is working under concurrent contracts with two or more employers, his wages from all such employers shall be considered as if earned from the employer liable for compensation." 77 P.S. § 582(e).

2. Claimant's Statement of Wages from Employer showed an AWW of $55.05. (R.R. at 286a.) Claimant's Statement of Wages from Coldwell Banker showed an AWW of $295.38. (R.R. at 287a.) Thus, Claimant's total AWW was $350.43, resulting in compensation payable of $280.50 per week.

3. At this hearing, Employer presented the report of Robert. E. Schilken, M.D., who had performed an independent medical examination (IME) of Claimant on February 14, 2000. In the report, Dr. Schilken stated that his prognosis for Claimant's return to work was "guarded" because Claimant's balance was poor, and his left leg strength was not sufficient to balance a motorcycle. (R.R. at 98a.) Dr. Schilken indicated that Claimant was not fully recovered from his work-related injury and recommended that Claimant continue home therapy. (R.R. at 98a.) Defending against Employer's modification petition, Claimant testified that he did not pursue oth-

er job opportunities with Employer because those opportunities were either inconsistent with his job as a real estate agent or would result in less earning power than his present position. (WCJ's Findings of Fact, No. 4.)

4. With regard to the modification petition, Employer presented Dr. Schilken's deposition testimony, and the deposition testimony of Marianne Swanson, a vocational counselor. Dr. Schilken explained his IME report, stating that Claimant had made some improvement but was not completely healed from his tibial plateau fracture and could not return to his pre-injury job. Dr. Schilken opined that Claimant could return to some form of work and further stated that he had the opportunity to review and approve all but one of the available job descriptions. (R.R. at 253a–256a.)

Ms. Swanson testified that she had met with Claimant, obtained his employment history and discussed his interest in future employment. Ms. Swanson stated that, after completing her vocational assessment of Claimant, she was able to find eleven available positions for Claimant. (R.R. at 142a.) On cross-examination, Ms. Swanson acknowledged that some of the available jobs would pay less than Claimant's current earnings. (WCJ's Findings of Fact, No. 8.)

Based on the evidence presented, the WCJ denied Employer's modification petition, concluding that Employer failed to meet its burden of proof because its attempt at placing Claimant in "low-skilled, low-paid" jobs was done in bad faith. (WCJ's Conclusions of Law, Nos. 2–3.) The WCJ then granted in part and denied in part Employer's amended petition to review or suspend benefits, concluding that Employer was entitled to reduce Claimant's benefits to partial disability because Claimant had returned to work as a real estate agent. However, relying on *Hughes v. Workmen's Compensation Appeal Board (Salem Transportation Company)*, 99 Pa.Cmwlth.457, 513 A.2d 576 (1986), the WCJ denied Employer's request to reduce Claimant's AWW, concluding that Claimant was concurrently employed at the time of his work-related injury and, therefore, his AWW should account for his jobs with Employer and Coldwell Banker. Employer appealed this decision to the WCAB, which affirmed the WCJ's decision based on *Hughes*. Employer now petitions this court for review of the WCAB's order.[5]

Before this court, Employer argues that Claimant is an independent contractor, and not an employee, of Coldwell Banker, and, thus, Claimant's employment with Coldwell Banker cannot be considered as concurrent employment under the Act.[6] In affirming the WCJ, the WCAB acknowledged that a real estate agent is not an "employee" under Section 321(2) of the Act.[7] However, the WCAB determined that Claimant was concurrently employed by Employer and Coldwell Banker, noting that, "in *Hughes* the Commonwealth Court held that . . . an organization that is not an employer for purposes of the Act, could nonetheless be deemed a concurrent employer for purposes of computing the claimant's AWW under Section 309(e) of the Act." (WCAB's op. at 5.) We disagree with the WCAB's interpretation of *Hughes* in this case.

In *Hughes*, a claimant employed by the federal government and a transportation company died as a result of injuries sustained in an automobile accident during his course of employment with the transportation company. In discussing the calculation of the claimant's AWW, we noted that, despite the Commonwealth's inability to regulate the federal government,[8] the federal government still fit the definition of an

5. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. Employer does not challenge the WCAB's order to the extent that it affirms the WCJ's decision to deny Employer's modification petition.

7. Section 321(2) states, in part:

Nothing contained in this [Act] shall apply to or in any way affect:
(2) Any person who is *a licensed real estate salesperson* or an associate real estate broker *affiliated with a licensed real estate bro-*

ker or a licensed insurance agent affiliated with a licensed insurance agency, under a written agreement, *remunerated on a commission-only basis* and *who qualifies as an independent contractor for State tax purposes or for Federal tax purposes* . . . .
77 P.S. § 676(2) (emphasis added).

8. We acknowledged that, "under fundamental tenets of our Republic the Commonwealth of Pennsylvania has no power to make the federal government subject to any of its laws and regulations. Therefore, if the silence of the . . . definition of employer concerning the federal government means anything, it must mean that the obligations imposed on employers and the rights conferred upon workers by the Act are not to apply to the federal government or its employees." *Hughes*, 513 A.2d at 578.

employer under the Act because "it was the master and [claimant] the servant." *Hughes*, 513 A.2d at 578. Accordingly, we held that the federal government, while not subject to regulation under the Act, could nevertheless be deemed a concurrent employer for purposes of computing claimant's compensation because the claimant was engaged in an *employer/employee relationship* with both the federal government and the employer liable for claimant's injuries. Thus, *Hughes* does not eliminate the Act's requirement that a claimant must be in an employer/employee relationship with each employer before wages from each job may be included in the calculation of the AWW under section 309(e).[9]

▮▮▮ Whether a Claimant is an independent contractor or an employee is a question of law fully reviewable by this court, *Universal Am–Can, Ltd. v. Workers' Compensation Appeal Board(Minteer)*, 563 Pa. 480, 762 A.2d 328 (2000), and

the WCJ's findings of fact may have been sufficient for us to make this determination under our traditional analysis of this issue.[10] However, section 321(2) of the Act, clearly states that a licensed real estate salesperson is not an employee if he or she qualifies as an *independent contractor for state or federal tax purposes*. 77 P.S. § 676(2). Because the WCJ made no findings of fact in this regard, we cannot properly review the nature of Claimant's relationship with Coldwell Banker under section 321(2).

Accordingly, we vacate that portion of the WCAB's order affirming the WCJ's denial of Employer's request to reduce Claimant's AWW, and we remand this case to the WCAB to remand to the WCJ for further findings of fact and conclusions of law consistent with this opinion. If the WCJ determines that Claimant is an independent contractor for state or federal tax purposes, Claimant's wages from Coldwell Banker must be excluded from the calcula-

**9.** In *Straight Line Express v. Workmen's Compensation Appeal Board (Packer)*, 654 A.2d 649 (Pa.Cmwlth.1995), we emphasized the necessity of an employer/employee relationship before a claimant can receive compensation under section 309(e). We stated that the plain meaning of section 309(e) indicates that the qualifying wages must arise from an *employer/employee relationship*. Thus, claimants employed as independent contractors cannot include wages earned in this capacity in the calculation of the AWW because they are not employees. *Straight Line; See also Universal Am–Can, Ltd. v. Workers' Compensation Appeal Board (Minteer)*, 563 Pa. 480, 762 A.2d 328 (2000) (explaining that an independent contractor is not entitled to benefits because of the absence of a master/servant relationship.)

**10.** In *Hammermill Paper Company v. Rust Engineering Company*, 430 Pa. 365, 243 A.2d 389 (1968), our supreme court set forth ten factors that should be considered when examining the employee/independent contractor status. In *Universal Am–Can*, the supreme court

noted that "control over the work to be completed and the manner in which it is to be performed are the primary factors in determining employee status." *Universal Am–Can* 563 Pa. at 490, 762 A.2d at 333; *See also Romanski v. Prudential Property and Casualty Insurance Company*, 356 Pa.Super. 243, 514 A.2d 592, 594 (1986) (stating that "the designation given a claimant by an alleged employer is not conclusive as to whether he [or she] is an employee or an independent contractor ... [n]or is the fact that no provision was made for the deduction of social security or income tax determinative of the status.").

With regard to his employment with Coldwell Banker, Claimant testified that, when hired by Coldwell Banker, he signed a paper indicating that he was an independent contractor and did not have any taxes or social security taken out of his pay check. According to Claimant, he sold real estate exclusively for Coldwell Banker, which supplied the tools of his trade, set commission levels and retained the right to fire Claimant for unsatisfactory job performance. (WCJ's Findings of Fact, No. 5.)

tion of Claimant's AWW. 77 P.S. § 676(2).[11]

## ORDER

AND NOW, this 29th day of March, 2004, the July 8, 2003, order of the Workers' Compensation Appeal Board is hereby affirmed in part and vacated and remanded in part to the WCAB to remand to the WCJ for further findings of fact and conclusions of law consistent with this opinion.

Jurisdiction relinquished.

**11.** We reject Claimant's argument that, based on our supreme court's decision in *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983), Employer waived its right to challenge the calculation of Claimant's AWW. In *Beissel,* the court held that an employer cannot utilize new evidence to relitigate a previously agreed to notice of compensation payable where the employer had ample opportunity to investigate the *cause of claimant's disability.* Here, however, Employer is not contesting liability for Claimant's disability, but, rather, the calculation of Claimant's AWW. Section 413 of the Act states that a WCJ "may, at any time, review and modify or set aside a notice of compensation payable ... upon petition filed by either party ... if it be proved that such notice of compensation payable or agreement was in any material respect incorrect." 77 P.S. § 771. Thus, if the WCJ determines that Claimant is an independent contractor with Coldwell Banker, such employment cannot be included in the calculation of Claimant's AWW.